## A. L. HOOVER & SON V. A. WORDEN HAYNES.*

FILED JULY 10, 1902.  No. 11,589.

Commissioner's opinion, Department No. 2.

1. **Instruction: DAMAGES: EVIDENCE: FACTS ALLEGED IN PETITION: WHAT THE JURY THINK: REVERSIBLE ERROR.** In a suit for damages the giving of an instruction which, in substance, informs the jury that if from the evidence they find for the plaintiff they will fix his damages at such sum, within the amount claimed, which is $2,500, as they think he has sustained by reason of the facts alleged in his petition, and which thus eliminates the consideration of the evidence in fixing the amount of recovery, is reversible error.

2. **Evidence: VERDICT.** Evidence examined, and *held* that the verdict returned by the jury is excessive, and the amount thereof is not sustained by the evidence.

*Opinion modified.  See page 564.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Reversed.*

*Billingsley & Greene,* for plaintiff in error.

*Ricketts & Ricketts, contra.*

BARNES, C.

On the 25th day of January, 1900, the defendant in error filed his petition in the district court of Lancaster county against the plaintiffs in error in the words and figures, following:

"A. WORDEN HAYNES, Plaintiff,

v.

ABRAM L. HOOVER and STEPHEN C. HOOVER, Partners as A. L. Hoover and Son, Defendants.

"Comes now the plaintiff and for cause of action against the defendants alleges and says:

"1. That this plaintiff is a colored person of African descent, and has been a resident of the city of Lincoln for the past two years.

"2. That the defendants are the proprietors of the Lindell Hotel in the city of Lincoln, Lancaster county, Nebraska.

"3. Plaintiff alleges that on or about the 11th day of December, 1899, he was employed by the Republican state central committee to act for said committee as a messenger and carrier of mail, at an agreed compensation of $6 per week, with an understanding that said salary should later be raised to $10 per week; that said Republican state central committee had its headquarters in the hotel of these defendants, to wit: The Lindell Hotel, and on the fourth floor of said building; that said building was supplied with an elevator; that it was understood and agreed between said committee and the defendants in this action at the time of the renting of said rooms, that the commit-

tee, its employees, and visitors were to have access to said elevator in reaching said rooms.

"4. Plaintiff alleges that in the course of his employment he was compelled to make frequent trips from the office of said hotel to the headquarters of said committee on the fourth floor of said building; that for several days after his employment he was allowed the privileges of the hotel in the performance of his duties connected with said employment, including the use of the elevator in said building; that on or about the 15th day of December, 1899, said defendants refused this plaintiff access to said elevator in the performance of his official duties; that this plaintiff thereupon reported said occurrence to his employer, Orlando Tefft, who was chairman of said central committee, and said Tefft conferred with the defendants, and an amicable adjustment of the matter was reached whereby this plaintiff was permitted to use said elevator in the performance of his duties; that later, and on the 18th day of December, 1899, plaintiff's said employer then being absent in Omaha, said defendants again refused plaintiff access to said elevator in the performance of his duties, and threatened to eject this plaintiff bodily from said hotel. Plaintiff alleges that at no time during his said employment was he guilty of any misconduct or disturbance in said hotel, and that said action by the defendants was due entirely to the fact that this plaintiff was a colored person, and for no other reason. Plaintiff alleges that upon the return of his employer from Omaha the matter was reported to him and that his said employer thereupon, and for no other cause than plaintiff's being denied the privileges of said hotel by the defendants herein, discharged this plaintiff from his employ.

"5. Plaintiff alleges that by reason of said action of the defendants he was subjected to gross indignities, humiliations and insults, and suffered great mental pain and anguish therefrom; that by reason of said conduct of the defendants he was deprived of a lucrative source of employment, which would have lasted for a period of a year

or more; that by reason of said indignities, humiliations and insults, and said mental pain and anguish, and the loss of said employment, plaintiff has suffered damages in the sum of twenty-five hundred dollars. Wherefore this plaintiff prays judgment in the sum of twenty-five hundred ($2,500) dollars, and his costs in this behalf sustained."

Plaintiffs in error demurred to this petition, and after their demurrer was overruled answered over as follows:

"A. WORDEN HAYNES, Plaintiff,
v.
ABRAM L. HOOVER ET AL., Defendants.

"Come now the defendants and for answer to the petition of plaintiff say:

"1. That defendants admit that plaintiff is a colored person of African descent.

"2. That defendants deny that there was ever any contract or understanding between the Republican state central committee and defendants that said committee, its employees and visitors were to have access to the elevator of defendants and to use said elevator and allege that, as a matter of courtesy and without any compensation being paid therefor to the defendants the defendants permitted said Republican state central committee to use certain rooms in the hotel of plaintiff for the purpose of their organization and allege that at no time did the relation of innkeeper and guest exist between the Republican state central committee and the defendants.

"3. The defendants allege that it is the universal custom of hotels of the class operated by defendants to furnish elevator facilities for guests alone, and that employees and servants of hotels and of the guests of hotels are not accorded the privilege of using the elevator, because of the enormous expense that would be incident to furnishing such convenience to all persons and that such discrimination is applicable alike to every person, without reference to race or color.

"4. The defendants allege that the relation of innkeeper and guest at no time existed between plaintiff and the defendants.

"5. The defendants deny each and every allegation in the petition contained save as herein expressed and in terms admitted.

"Whereupon defendants pray judgment for costs."

The reply to the answer was a general denial.

Afterwards the cause was tried and the jury returned a verdict for the defendant in error, plaintiff in the court below, against the defendants for the sum of $500 damages. A motion for a new trial was filed and overruled. Judgment was entered against the defendants in the lower court on the verdict, who thereupon prosecuted error to this court.

The petition of the plaintiffs in this court contains seventy assignments of error, only two of which will be considered upon this hearing.

1. If it be conceded that the facts charged in defendant's petition are sufficient to constitute a cause of action, and that the evidence on the trial supported the allegations thereof to such an extent that the court was justified in submitting the case to the jury, it thereupon became the duty of the court to instruct upon the measure of damages, and in such instruction inform the jury as to the proper matters to be considered and how to arrive at the correct amount thereof. This the court attempted to do by giving the seventh paragraph of the instructions given on his own motion to the jury, which is as follows:

"7th. In the event that you find from the evidence for the plaintiff, you will assess in his favor such damages, within the amount claimed, which is $2,500, as you think he has sustained by reason of the facts alleged in his petition, and which will be a compensation to him for any loss and injury occasioned, which loss or injury must be the direct result of the defendants' conduct. You should allow no speculative damages or damages by way of punishment, but such as are compensatory merely. You

43

should take into consideration such mental pain and anguish as you find from the evidence were caused by any indignities, humiliation and insults of the defendants toward the plaintiff."

That this instruction is erroneous can not be successfully disputed. The great mistake is found in the first part of it, where the court tells the jury that in the event they find from the evidence for the plaintiff, they will assess in his favor such damages, within the amount claimed, which is $2,500, as they think he has sustained by reason of the facts alleged in his petition. It will be observed that the question of the evidence is wholly ignored and entirely eliminated by this part of the instruction. Instead of telling the jury they are to be governed by the evidence introduced on the trial, they are told to substitute what they think in its stead, and the only limit placed upon what they think is $2,500, and the basis of their thought is not the facts established by the evidence, but the allegations contained in the petition. It is alleged in the petition that defendant in error was employed by the Republican state central committee; that his wages were from $6 to $10 per week, with a promise of an increase; and that his employment would have continued for a year or more, if it had not been for the wrongful acts of the plaintiffs herein; that by reason of such wrongful acts he was discharged and lost his position, and was thereby greatly damaged. An examination of the record and of the bill of exceptions shows us that there was no evidence to sustain this allegation. The evidence establishes the fact that he was a servant or employee of the chairman of the Republican state central committee; that his compensation was $1 per day. His own witness, Chairman Tefft, says that he had not intended to keep him more than three or four days. This is what the undisputed evidence shows. There is no conflict on this point. There is not a word of evidence to show any other actual damages. Now if the jury had been told to confine themselves to the evidence, and had not been allowed to fix the damages by the meas-

ure of what they should think, upon a consideration of the allegations of the petition, we can not believe that they would have found a verdict for $500. Taking the allegations of the petition as their basis, and not being confined to the evidence, they could well think that a year's employment at from $6 to $10 per week would amount to $500; and if such employment was lost by reason of the wrongful acts of the plaintiffs herein, as alleged in the petition, that would be the correct amount for which to find a verdict. The jury should have been instructed that they should be governed solely by the evidence introduced before them. They have no right to indulge in thoughts, conjectures and speculations not supported by the evidence. Sackett, Instructions to Juries, p. 241 [2d ed., p. 342]. We hold, therefore, that the giving of this instruction was reversible error.

2. Plaintiff claims that the verdict is excessive. As we have already observed, the evidence shows that the actual money loss sustained by the defendant in error was trifling. His own witnesses testified that his employment, in any event, would not have lasted more than three or four days after the incidents complained of occurred. It follows that the verdict must have been largely for injuries to the feelings of the defendant, such as his mental pain and anguish, and the public disgrace and humiliation, mentioned in his petition. An examination of the record shows us that there was no evidence introduced to sustain a verdict for damages on that account. It may be that such evidence can and will be supplied in another trial. Therefore we decline to express any opinion as to the amount that the defendant may be entitled to recover, should he conclude to again try the case. Upon another trial the evidence may be different, and we may deem it best not to limit the measure of damages, or lay down any particular rule in relation thereto, which may interfere hereafter with the rights of the defendant. It is sufficient for us to say that as the evidence stands in this record the verdict for $500 is excessive, and should be set aside for

that reason. It is not necessary for us to consider any of the other questions presented by the record, because we hold that for the giving of the instruction discussed herein and for the reason that the verdict is excessive, the judgment of the district court must be reversed.

We recommend, therefore, that the judgment of the district court be reversed and the cause remanded for a new trial.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

The following opinion denying a motion for rehearing was filed on February 4, 1903:

Commissioner's opinion, Department No. 2.

1. **Damage: ACTION: LACERATED FEELINGS: ELEMENT OF DAMAGES: DIRECT PROOF: EVIDENCE.** In an action for damages, in which injury to the feelings is alleged as an element of damages, direct proof of damage is not indispensable. The existence and amount of such damage is to be determined from the circumstances of the case disclosed by the evidence.

2. **Jury: IMAGINARY INJURIES: CAPRICIOUS DAMAGES: ERRONEOUS INSTRUCTION: FAILURE TO WARN JURY.** In such a case the jury can not act capriciously, and allow damages for imaginary injuries, not warranted by the evidence. An instruction which fails to properly warn the jury in that regard, and will admit of the construction that the jury is not to be governed by the evidence in estimating such damages, is erroneous.

BARNES, C.

This case is before us on a motion for a rehearing, and it is contended that instruction No. 7, set forth in our published opinion herein, is not erroneous. A re-examination of that instruction, and of the reasons and authorities urged in support of the motion for a rehearing, fails to convince us that our opinion on that question is unsound.

We believe, and still hold, that the instruction should not have been given, and that the giving of it was reversible error. Upon a further examination of the matter, however, we are convinced that the reasons for reversing the judgment of the lower court set forth in the concluding part of the opinion, should be modified. In the body of the opinion we made use of the following language: "It follows that the verdict must have been largely for injuries to the feelings of the defendant, such as his mental pain and anguish, and the public disgrace and humiliation, mentioned in his petition. An examination of the record shows us that there was no evidence introduced to sustain a verdict for damages on that account." In *Boldt v. Budwig*, 19 Nebr., 739, which was a case of slander, the court said with reference to damages, "No witness could swear to the mental suffering of the female plaintiff. The jury must decide upon that from the defamatory words themselves, and the sex, age and condition of the plaintiff." We think this is the correct rule, and requires us to make this modification. Ordinarily no direct proof can be had as to the injury to feelings, and mental pain and anguish. These matters must be determined from the circumstances of the case as disclosed by the evidence; but the jury can not act capriciously, and allow damages for imaginary injuries not warranted by the evidence. Care should be taken not to allow the jury to be misled in that regard. With the modification set forth in this opinion, we are satisfied that the motion for a rehearing should be overruled, because in no view of the case can the seventh instruction be approved of.

For the reasons given herein, we recommend that the motion for a rehearing be overruled.

OLDHAM and POUND, CC., concur.

By the Court: We approve of the modification of our former opinion set forth in the above opinion of the commissioners, and with such modification, the motion for a rehearing herein is overruled.