HENRY FINK, APPELLEE, v. JOHN BUSCH, APPELLANT.

FILED FEBRUARY 20, 1909. No. 15,489.

1. **Assault and Battery:** PETITION. A petition which contains averments to the effect that defendant wilfully and maliciously, with force and violence, pushed and shoved plaintiff across a room to a door and out of the door to the ground, a distance of six feet,

and that as a result plaintiff's leg was broken and his knee crushed, and to his damage in the sum of $5,000, states a cause of action for damages for assault and battery.

2. ———: JUSTIFICATION: INSTRUCTIONS. In an action to recover damages for assault and battery, it is not proper for the trial court to submit to the jury the defense of justification, when such defense is neither alleged nor proved.

3. Damages: INSTRUCTIONS. An instruction which directs the jury that, if they find for plaintiff, to assess his damages in any sum, not exceeding the amount claimed, which they may find will compensate him for the injuries received, is not prejudicially erroneous, if from other parts of the court's charge to the jury it appears that the jury were to ascertain the amount of plaintiff's recovery from the evidence.

4. ———: PLEADING. Physical pain and mental anguish are proper elements of damage in an action for personal injuries, and need not be specially alleged in the pleading, where the injury complained of is such as to necessarily import physical pain and mental anguish.

5. Trial: INSTRUCTIONS. It is not error for the trial court to refuse to submit to the consideration of the jury a defense which finds no support in the evidence.

6. Appeal: VERDICT: EVIDENCE. A verdict based upon conflicting evidence will not on appeal be set aside, even though the appellate court might from the evidence have arrived at a different conclusion from that reached by the jury.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*John M. Macfarland* and *W. F. Wappich,* for appellant.

*George A. Magney,* for appellee.

GOOD, C.

Plaintiff brought this action against John Busch and the Title Guaranty & Trust Company to recover damages for personal injuries inflicted upon plaintiff by the defendant Busch. Plaintiff dismissed his action as to the Title Guaranty & Trust Company, and on the trial recovered a judgment against the defendant Busch, who has appealed to this court.

In his petition the plaintiff alleged that defendant Busch was a licensed retail dealer in intoxicating liquors in the city of Omaha, and as such dealer had given a bond of $5,000 with the Title Guaranty & Trust Company as surety, which was duly approved by the proper authorities; that a copy of said bond was attached to the petition as an exhibit; that plaintiff entered defendant's saloon, and after drinking several glasses of beer became somewhat intoxicated and noisy, and while in that condition he said to the defendant: "If he was running a saloon in a respectable and lawful manner he would not be having women drinking in a wine-room therein"; that thereupon the defendant became angry, and ran from the bar to where plaintiff was and violently pushed and shoved him across the room and out of the rear door and down a flight of steps to the ground; that as a result his right leg was broken and knee crushed, and that the injured leg would always be shorter than the other and the knee stiff, that the only provocation given the defendant was the remark about women in the wine-room; "that said act of throwing the plaintiff out of the rear door and injuring him, as above described, was done wilfully, maliciously and unlawfully, without just cause or provocation"; that plaintiff had been compelled to employ a physician and surgeon at great expense; that he would not be able to do work of any kind for several months and would never again be able to perform manual labor or work at his trade as a tinner. The copy of the bond was not in fact attached to the petition. Defendant Busch admitted that he was a licensed liquor dealer, alleged that plaintiff's injuries were the result of his own carelessness and were not caused by the carelessness or negligence of the defendant, and denied all other allegations of the petition. In his reply the plaintiff denied all the allegations of the answer.

The defendant contends that the action was to recover damages under the Slocumb law, and was based upon the bond, and that under the rule laid down in *Andresen v.*

*Jetter,* 76 Neb. 520, the petition was not sufficient to entitle plaintiff to recover. The petition nowhere alleges that plaintiff's injuries were received in consequence of the defendant's traffic in intoxicating liquors, nor that defendant's traffic caused or contributed to his injuries. The petition seems to be entirely insufficient to permit a recovery upon the liquor bond. The plaintiff contends that the action is one to recover damages for assault and battery. The petition appears to contain all the allegations that are essential to a recovery in such an action. There are other allegations that are not essential, but they do not have the effect to destroy the force of the allegations which are properly contained in a petition. The action must be construed as being one to recover damages for assault and battery.

The defendant assails a number of instructions given by the court, upon the theory that they were not properly given in an action upon a liquor license bond. The view that we have taken of the petition renders it unnecessary to consider these objections.

The defendant also complains of the second instruction given by the court because it does not submit to the jury the question of justification or the amount of force that the defendant might properly have used in ejecting the plaintiff from his premises. The defendant denied that there was any assault and battery. The issue of justification was not presented by the pleadings. In *Barr v. Post,* 56 Neb. 698, it is said: "In a civil suit for assault and battery, where the answer is a general denial, evidence of justification is inadmissible." In the present action no evidence of justification was offered. The issue was not presented, and the court could not properly submit that issue to the jury.

By the third instruction the court told the jury that, if they were satisfied by a preponderance of the evidence that defendant did not touch or push the plaintiff from the rear door of the saloon, or if they were not satisfied by a preponderance of the evidence that the defendant

did push the plaintiff with force and violence from the rear door of the saloon, they should find for the defendant. The defendant criticises this instruction because it does not properly define assault and battery. The instruction does not define or attempt to define assault and battery, but there is nothing contained in the instruction that is prejudicial to the defendant, and no error is perceived in the giving of the instruction.

The fourth instruction given by the court is as follows: "If you should find for the plaintiff, then you will assess his damages in any sum not exceeding $5,000 which you may find will compensate him for the injuries received; and this will include his loss of time, his pain and suffering and mental anguish, taking into consideration, at the same time, the age of the plaintiff." The defendant contends that this instruction was erroneous because it did not confine the jury to a consideration of the evidence in determining the amount of plaintiff's recovery. In *Hoover & Son v. Haynes,* 65 Neb. 557, an instruction which directed the jury that, "in the event that you find from the evidence for the plaintiff, you will assess in his favor such damages, within the amount claimed, which is $2,500, as you think he has sustained by reason of the facts alleged in his petition," was held erroneous for the reason that it did not confine the jury to a consideration of the evidence in ascertaining the amount of plaintiff's recovery. In commenting upon the instruction the court said: "Instead of telling the jury they are to be governed by the evidence introduced on the trial, they are told to substitute what they think in its stead, and the only limit placed upon what they think is $2,500, and the basis of their thought is not the facts established by the evidence, but the allegations contained in the petition." But we think there is a difference between the instruction given in *Hoover & Son v. Haynes* and the fourth instruction in the instant case. It is a well-established rule of law that the whole of the court's charge to the jury should be considered together. By the second instruction the

court stated to the jury the facts which plaintiff was required to prove to entitle him to a recovery, and informed the jury that, if plaintiff had proved these facts by a preponderance of the evidence, then he would be entitled to recover such sum as he may have suffered by reason of the injury sustained. Taking the second instruction together with the fourth instruction, we think the inference is clear that the amount of damages should be ascertained by the jury from the evidence, and the following language from the fourth instruction, "then you will assess his damages in any sum, not exceeding $5,000, which you may find will compensate him for the injuries received," clearly meant, and was understood by the jury to mean, such sum as they should find from the evidence would compensate the plaintiff for the injuries received. The defendant also complains of the fourth instruction because it permitted the jury to take into consideration pain, suffering and mental anguish, when there was no direct allegation in the petition that plaintiff had suffered any pain or mental anguish. The rule is well established that no allegation of special damage is necessary to recover for mental suffering, where such suffering is allowed as an element of damages, since it is inseparably connected with and attends personal injuries. In *Brown v. Hannibal & St. J. R. Co.*, 99 Mo. 310, it was held that, since physical pain and mental anguish usually and to some extent necessarily flow from or attend bodily injuries, the jury might infer them from the facts alleged, and that, where bodily injuries are alleged in the petition and proved, the plaintiff's physical pain and mental anguish are proper elements of damage, though not stated in the petition. This proceeds upon the theory that damages which are the natural and necessary result of an injury need not be specially pleaded. The instruction properly directed the jury to consider the plaintiff's pain and mental anguish. The defendant further contends that the fourth instruction permitted the plaintiff to recover for future mental pain and suffering, without

limiting the recovery to such future pain and suffering as was reasonably certain to be endured by the plaintiff. We think that a careful examination of the instruction will disclose that it does not refer to any future pain or suffering, but is limited to that which the plaintiff had already suffered. The instruction is not subject to any of the criticisms made and appears to have been properly given.

The defendant complains because the court failed to submit to the jury the issue of contributory negligence. A sufficient answer to this is that, while contributory negligence was pleaded by the defendant, the evidence fails to disclose that there was any contributory negligence or any negligence upon plaintiff's part. It was neither necessary nor proper for the trial court to submit to the consideration of the jury a defense that had no support in the evidence.

The defendant complains that the verdict and judgment are not sustained by and are clearly contrary to the weight of the evidence. Plaintiff testified that he received his injuries substantially in the manner alleged in the petition, and there is but slight corroboration of his testimony. Two ladies, who were passing along a sidewalk just opposite the saloon building, testified that they heard loud talking and sounds as of shuffling or running across the floor of the saloon, and as they reached a point on the walk opposite the rear end of the saloon they heard a man groan; that they went on a few steps, and then returned to ascertain who was injured, and discovered the plaintiff lying upon the ground with his leg broken. Upon the other hand, the evidence shows that about 12 or 14 feet of the rear of the saloon was separated from the front part by a partition, in which there was an archway, and that the rear door of the saloon was some 12 or 14 feet from the partition. There were four or five persons in the saloon at the time of the controversy, all of whom, with the defendant, testified that defendant did not touch or strike the plaintiff; that plaintiff ran out of the saloon at the rear door, and defendant followed him no further

than to the archway in the partition, and that defendant did not get closer than 10 or 12 feet to the plaintiff. It will be observed that the greater number of witnesses as to the assault and battery is upon the part of the defendant. But the weight of the evidence and the credibility of the witnesses are questions for the jury. The jurors and the trial judge saw the witnesses, and had the opportunity of observing their appearance, their fairness and candor, or lack thereof, and their manner of testifying, and were better able to determine what weight should be accorded their testimony than the appellate court. While we might have arrived at a different conclusion from that reached by the jury, that is no sufficient reason for setting aside a verdict that is based upon conflicting testimony. The question of fact was properly submitted to the jury and determined adversely to the defendant. The verdict will not be disturbed by this court.

We find no prejudicial error in the record, and recommend that the judgment of the district court be affirmed.

Duffie, Epperson and Calkins, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.