# CASES DETERMINED

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1909.

---

ANDREW KERR, APPELLANT, V. JOSEPH MANGUS, APPELLEE.

FILED MARCH 20, 1909. No. 15,454.

Trial: INSTRUCTIONS. It is not error to refuse an instruction which permits a jury to base any of its findings on their belief, unless such belief is required to be founded upon a consideration of the evidence.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*Hazlett & Jack,* for appellant.

*Sackett & Brewster* and *E. O. Kretsinger, contra.*

GOOD, C.

Plaintiff sued to recover damages for the destruction of certain floodgates and fences on his land caused by the alleged negligence of the defendant. Plaintiff alleged that he and defendant were the owners of adjacent farms which were both traversed by Mud creek, plaintiff's land lying immediately down stream from the land of defendant; that defendant negligently placed and permitted to remain in the channel and on the banks of said creek a large quantity of brush and limbs of trees which were washed and carried down by the flood waters of said stream against plaintiff's gates and fences, thereby break-

4 (1)

ing and destroying them. The defendant denied the allegations of the petition, and alleged that the flood referred to was so unusual, extraordinary and unprecedented, that it could not reasonably have been foreseen, and amounted to an act of God. The reply was a general denial. A trial to a jury was had on the issues joined, resulting in a verdict for defendant and a judgment thereon, from which plaintiff has appealed.

The record discloses that in the month of May, 1903, the waters of Mud creek were very high, and that plaintiff's floodgates and fences were injured and partially destroyed by the water and debris carried down said stream. The evidence is in conflict as to whether the flood was so unusual as to amount to an act of God, and as to whether defendant caused any brush or limbs to be placed 'n the channel or on the banks of said creek, and as to whether any brush was washed from defendant's land against plaintiff's gates and fences, and as to whether plaintiff's damage was caused by the high waters alone, or by brush and debris that was carried down said stream.

The only error which plaintiff alleges and relies upon is that the court erred in refusing to give the eighth instruction requested by him. The court instructed the jury upon the general issues in the case, but plaintiff contends that plaintiff's injury may have been caused partially by the unprecedented flood waters, and partially by the negligence of the defendant in placing brush in the channels and on the banks of said stream, and that in such case defendant would be liable for so much of the injury as was caused by his negligence, and that this phase of the case was not covered by any of the court's instructions. He insists that the instruction requested properly stated the law upon this phase of the case. It is as follows: "You are further instructed that, if you believe there was in the stream in question on its bank and near it on defendant's land brush which washed away, and that plaintiff's property would not by reason of the water alone have been damaged or not damaged to the extent

you find it was damaged, then, if you find that defendant negligently left or permitted such brush to remain in or near said stream, the defendant would be liable for the extent of the damage which resulted from the brush and limbs being carried by the water coming from defendant's land." It will be observed that the wording of the instruction does not require the jury to be governed by the evidence in its findings, but permits the jury to determine from their belief whether there was brush in the stream or on its banks, and whether it was washed down the stream, and whether the water alone would have damaged plaintiff's gates and fences to the extent that they were, and does not require this belief to be founded upon or governed by the evidence. Under the instruction certain of the jury's findings might have been founded upon mere rumor, speculation or caprice. In *Hoover v. Haynes*, 65 Neb. 557, an instruction which permitted the jury to fix the plaintiff's damage at such sum, within the amount claimed, as they think he has sustained was held to be reversible error. We think the instruction under consideration is open to the same criticism as was the instruction in *Hoover v. Haynes, supra.* The instruction was properly refused.

There being no error apparent in the record, we recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.