LARRY L. HAUMONT, APPELLEE, v. W. GLENN ALEXANDER, APPELLANT.

211 N. W. 2d 119

Filed October 19, 1973. No. 38975.

Dean E. Erickson, for appellant.

Miles W. Johnston, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant appeals from a personal injury judgment for $1,000, entered against him as the result of an assault and battery committed upon plaintiff. Defendant alleges three assignments of error. His argument is limited solely to the refusal to give a tendered instruc-

tion, which is the only assignment of error we consider. We affirm.

A junker automobile belonging to plaintiff was removed from its place of storage. A few days after its disappearance plaintiff discovered it with other junked cars on a vacant lot behind defendant's service station. The altercation in question occurred while plaintiff was removing parts from this automobile.

Plaintiff's testimony is that defendant appeared and accused him of putting the car on the lot. Plaintiff denied placing the automobile upon the property and told defendant it was his car and he was removing certain parts which he required. Defendant then told him to take the car and get off the property. As plaintiff straightened up he was assaulted by the defendant and knocked down. When plaintiff arose he told defendant, " 'Get the police out here. I am not going to fight you. This is child stuff.' " He was then struck again and knocked down. Plaintiff states that he did not threaten or assault defendant and denies provoking defendant in any manner. He sustained injuries necessitating dental services in the amount of $542.

Defendant alleges plaintiff made an assault upon him. However, defendant admits he took the first offensive action. Defendant also admits he struck plaintiff three times and that there was blood on plaintiff's mouth after the second blow. Defendant testified he told plaintiff he leased the property and was responsible for the wrecked automobiles. He ordered him off the premises. He pushed the plaintiff when he refused to leave and the plaintiff struck him with a wrench, saying " 'Don't you touch me.' " Plaintiff then made some uncomplimentary remarks, whereupon defendant slapped him. Defendant then testified he "came at me like a wild man and he never made any advances to hit me, so, I did reach out to hit him with my left hand," and he "slid on the gravel and went right under the rear bumper of his car." Plaintiff "got up again and started at me

and blood was coming out of his mouth at that time, and I hit with my right hand and evidently he dodged and slipped and went back down, * * *." Defendant's explanation of plaintiff's injuries is they were sustained when plaintiff struck his face on his own automobile in attempting to rise after the second blow.

Defendant does not deny plaintiff's ownership of the junker automobile and claims no interest in it. He admits plaintiff told him he owned the automobile.

Defendant impliedly contends provocation can be considered in mitigation of damages. Our law has long been otherwise. In Horky v. Schroll (1947), 148 Neb. 96, 26 N. W. 2d 396, we said: "In an action for assault and battery, the recovery is limited to compensatory damages and evidence of threats or words and acts of provocation are not admissible in mitigation thereof."

Defendant's entire argument is devoted to the refusal of the trial court to give the following instruction requested by him: "If you find from the evidence that the defendant assaulted the plaintiff, and that the plaintiff was injured thereby, he will be entitled to a verdict at your hands for such damages as may be shown by the testimony that the plaintiff has sustained, not exceeding 4,077.00 claimed in the petition. However, this instruction is given you subject to the proposition of law, that the defendant in the protection of his property or person, would be justified in using so much force as was necessary to protect his person from injury, or his property." The denial of the requested instruction was proper. The trial court adequately submitted the issues which were supported by the evidence.

The trial court did not give a specific instruction on self-defense because none was warranted by the evidence. It was apparent defendant was the aggressor. In Acree v. North (1923), 110 Neb. 92, 192 N. W. 947, we held in a civil action for assault and battery where the evidence conclusively shows that defendant made a voluntary attack upon plaintiff without provocation and

was the sole active aggressor throughout the assault, the plea of self-defense has no proper place in the transaction and a request for an instruction looking to the exoneration of the defendant on that ground is properly refused.

Defendant suggests that he was acting in defense of his property. Plaintiff's evidence indicates that the property is owned by Harold P. Jacobs. Defendant leases his filling station from the Skelly Oil Company. Defendant did testify he was requested to mow the weeds. The record would indicate any person could dump a used or junked car on the lot. The defendant would then "cannibalize" the car by using parts from it and haul the residue to the Northwestern Metal Company when he no longer had use for it, as he did with the plaintiff's car the day after the assault. If he has a lease covering the property in question that fact was not sufficiently established to warrant a defense of property instruction.

It is not error for the trial court to refuse to submit to the consideration of the jury a defense which finds no support in the evidence. Fink v. Busch (1909), 83 Neb. 599, 120 N. W. 167.

While we have expressed our reaction to the evidence on defense of property, the issue actually is not before us. In Swearingen v. Sloggett (1973), 189 Neb. 482, 203 N. W. 2d 442, we held: "When a litigant has approved instructions in the trial court, either by word or act, he cannot thereafter actively complain of instructions given."

In Libbey-Owens Ford Glass Co. v. L & M Paper Co. (1973), 189 Neb. 792, 205 N. W. 2d 523, we said: "The failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection on appeal." In this case defendant submitted five proposed instructions, none of which were given by the trial court. The trial court did submit the instructions given to the attorneys for the parties

and asked them if they had any objections. Defendant's counsel said: "The only question I would have in regard to the instructions is to whether there should be any instruction as to the rights of the parties in self defense."

The submission of proposed instructions by counsel does not relieve the parties in an instruction conference from calling the court's attention by objection to any omission or misstatement in the instructions given by the court. In most instances the trial court covers the substance of proper submitted instructions in those given by it. The purpose of the instruction conference is to give the trial court an opportunity to correct any errors being made by it. Consequently, the parties should object to any errors of commission or omission.

The judgment of the trial court is affirmed.

AFFIRMED.