BARBARA ANDERSON, APPELLANT, v. FARMER BROWN'S STEAK HOUSE, INC., APPELLEE.

216 N. W. 2d 174

Filed March 7, 1974. No. 39070.

Warren C. Schrempp and Richard J. Dinsmore of Schrempp, Bruckner & Dinsmore, and Robert H. Hollingworth, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before SPENCER, SMITH, and CLINTON, JJ., and KUNS and FLORY, District Judges.

SMITH, J.

In a personal injury action arising out of an asserted slip and fall a jury returned a verdict for defendant. Plaintiff appeals. She contends the court erred in instructing the jury that her status as an invitee or business visitor was an issue, inasmuch as she was entitled to a peremptory instruction under the evidence. Defendant argues the absence of prejudicial error and the waiver of any error by the failure of plaintiff to object.

From instructions Nos. 2 and 3 the jurors learned that plaintiff claimed to have been an invitee and that defendant denied the claim. They also learned from instruction No. 6 that the burden was on plaintiff to prove that defendant was "negligent in one or more of the particulars claimed against it . . .." The instruction, which also covered the effect of findings on the claim, omitted the subject of invitee. Instruction No. 9 included common definitions of negligence and ordinary care, and tracked the definition of business visitor in NJI No. 8.21. The duty of a possessor of premises to a business visitor was treated at length in instructions Nos. 11 and 12. Instruction No. 10 read:

"If you find that plaintiff was a business visitor on the defendant's land, the rule in paragraph 2 applies:

2. If you find all the following conditions true:

A. There was a condition on Farmer Brown's Steak House land involving an unreasonable risk of harm to Barbara Anderson, which Farmer Brown's Steak House knew of, or in the exercise of reasonable care could have discovered;

B. Farmer Brown's Steak House had no reasonable ground to believe that Barbara Anderson would discover that condition or realize the risk involved; and

C. Barbara Anderson did not know, or from facts known to her could not reasonably have been

expected to know, of the condition and the risk involved, then Farmer Brown's Steak House was under a duty to use reasonable care:
1. To make its premises safe for Barbara Anderson or
2. To give her adequate warning to enable her to avoid harm."

Plaintiff was entitled to a peremptory instruction that she had been a business visitor of defendant. In context instructions Nos. 6 and 10 must have perplexed the jury. Absence of the peremptory instruction was prejudicial error.

The remaining question is whether counsel for plaintiff waived the error by failure to object. No contemporaneous record of the court holding a conference on instructions exists. By agreement the parties were heard by the court on the matter almost 11 months later. The court stated:

". . . (I)t has always been my practice . . . not (to) record . . . (objections to instructions proposed by the court). I just tell the attorneys that obviously if there is . . . clear-cut error, you might just as well tell me now rather than having a new trial . . ., but I don't feel that I should bind counsel right at the end of the trial when they don't have time to propose instructions, so I never bound them to it. I didn't want to bind their clients really."

"The trial court may and ordinarily should hold a conference before or during the trial with reference to the preparation of proposed instructions . . . . At the conference on instructions each counsel should aid the trial court by stating any specific objection that he has on any instruction proposed to be given." NJI, p. IX. See, also, Haumont v. Alexander, 190 Neb. 637, 211 N. W. 2d 119 (1973). The finding of the trial court that it had held no conference within the meaning of

the above rule was correct. Plaintiff did not waive the instructional error.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

Note: This opinion adopted before Judge SMITH's retirement from the court.

WHITE, C. J., took no part in the hearing or decision of this case.