VALERIE DUNCZA, APPELLEE, V. DONALD W. GOTTSCHALK,
APPELLANT.

359 N.W.2d 813

Filed December 28, 1984.    No. 83-862.

George A. Sutera of Sutera & Sutera, for appellant.

Stephen M. Swartz, for appellee.

BOSLAUGH, WHITE, and CAPORALE, JJ., and RIST, D.J., and
COLWELL, D.J., Retired.

RIST, D.J.

The defendant, Donald W. Gottschalk, appeals from a
verdict and judgment for the plaintiff, Valerie Duncza, in the
amount of $6,500. Plaintiff's action was for an assault and
battery upon her by the defendant.

Defendant's assignments of error are (1) that the verdict was
excessive and the result of passion or prejudice, (2) that there
was no sufficient or proper evidence of damages to sustain the
verdict, and (3) that the trial court erred in not granting
defendant a judgment notwithstanding the verdict or a
remittitur or a new trial because the evidence as a matter of law
would not sustain the amount of the verdict.

The applicable rules with respect to such assignments are as
follows:

(1) Generally, a verdict will not be set aside unless it is against the weight of the evidence or appears to be the result of passion, prejudice, mistake, or disregard of the rules of evidence or the law. *Maricle v. Spiegel*, 213 Neb. 223, 329 N.W.2d 80 (1983).

(2) Where recovery is not a mere matter of computation and depends upon the intangible and quite subjective elements of pain and suffering, it will not be interfered with unless it is so excessive and so grossly unresponsive to the evidence as to be indicative of passion, prejudice, mistake, or misconception. *Stewart v. Ritz Cab Co.*, 185 Neb. 692, 178 N.W.2d 577 (1970).

(3) In determining the sufficiency of the evidence to sustain a verdict, it must be considered most favorably to the successful party and every controverted fact resolved in his favor, and he must have the benefit of inferences reasonably deducible from it. *Hancock v. Paccar, Inc.*, 204 Neb. 468, 283 N.W.2d 25 (1979).

(4) The measure of recovery in a case of assault and battery is limited to compensatory damages. *Haumont v. Alexander*, 190 Neb. 637, 211 N.W.2d 119 (1973). Such damages include the nature of the injuries, and pain and suffering.

We consider the record in light of the foregoing rules, and find the evidence reflects the following. The plaintiff and her husband were renting an apartment in Omaha, Nebraska, from a nonresident landlord with whom they had a rent dispute after several months' occupancy. The landlord retained the defendant as his agent with respect to the apartment. On March 7, 1982, defendant entered the apartment without permission, ostensibly to inspect the premises and to deliver a 3-day notice to quit. Plaintiff objected to defendant's entry of the apartment and he left shortly thereafter.

Sometime during the middle of March 1982, an action in forcible entry and detainer was filed against plaintiff and her husband by the defendant and set for hearing on March 29. On that date plaintiff's husband appeared for the hearing, but plaintiff did not attend and remained in the apartment.

On the afternoon of March 29 the defendant came to the door of the apartment, requesting entry. Plaintiff refused and shut the door. Shortly thereafter, plaintiff heard glass shatter in another room of the apartment and, upon investigation, found

that defendant had entered the apartment through another door and had knocked a picture off a table. Plaintiff requested defendant to leave and he refused. Plaintiff, who was clad in a robe, became upset and sought to push defendant from the apartment. Defendant laughed at her. He then subsequently caught her arm, twisted it up behind her, and pushed her 8 to 10 feet across the room, where she fell, hitting her head and falling against an electric fireplace. The defendant held her down for several minutes. When defendant released her, she ran from the house to a neighbor to seek help.

The evidence reflects that as a result of this assault, plaintiff sustained a black eye, which partially swelled shut, bruising on the right side of her face, a bruise on her hip, and a minor cut on her foot. Plaintiff had no medical treatment for her injuries, and they cleared up in approximately 2 weeks.

Plaintiff testified that as a result of the assault, she was emotionally upset and remained so for some time thereafter; that she suffered embarrassment and humiliation at having to confront the defendant partially clad, being assaulted by him, and having to flee to a neighbor's home in that condition. She further testified that as a result of her eye being partially swelled shut, she was unable to drive until the injury abated and that she was embarrassed to appear at her job with her facial injuries.

We have examined the totality of the circumstances and the evidence offered, and determine that we are unable, as a matter of law, to hold that the jury abused its discretion in the verdict rendered. Paraphrasing *Anson v. Fletcher,* 192 Neb. 317, 220 N.W.2d 371 (1974), we determine that with respect to such subjective elements as the emotional distress and anguish caused by a humiliating assault and battery, and the resulting pain and suffering, this court is unwilling to substitute its personal views on damages for those of the jury. The jury, having seen and heard the witnesses, is in a better position to assess those damages than we are from a paper record. While the damages awarded may appear ample for the injuries and pain and suffering sustained, they are not such as warrant a finding on review that they are the result of passion or prejudice, and such damages are sustained by the evidence.

Appellee suggests in her brief that she be awarded attorney

fees in this proceeding. We know of no rule or doctrine permitting the same in a law action for damages such as this, and such request is denied.

The verdict and judgment thereon are affirmed.

AFFIRMED.