KIM NELSON-HOLST, APPELLEE AND CROSS-APPELLANT, V. TERRANCE L. IVERSON, APPELLANT AND CROSS-APPELLEE.

479 N.W.2d 759

Filed February 7, 1992.   No. 89-656.

Edna R. Atkins for appellant.

Ralph E. Peppard for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The subject of this appeal is the judgment obtained by Kim Nelson-Holst on her cause of action for assault and battery filed in the county court for Douglas County against Terrance L. Iverson. After the county court entered judgment in the amount of $7,800 for Nelson-Holst, Iverson appealed to the district court for Douglas County, which reduced the amount of

Nelson-Holst's judgment to $5,000.

Iverson has appealed to this court and claims that there is insufficient evidence for the judgment against him and that the judgment is excessive. Nelson-Holst assigns as error the district court's action in reducing the amount of the county court judgment. As the result of Nelson-Holst's assignment of error that the district court erred by reducing the judgment for damages, Nelson-Holst's response in her brief for the Iverson appeal is, in effect, a cross-appeal from the district court's judgment and is considered as a cross-appeal in this court.

## STANDARD OF REVIEW

"In a bench trial of a law action, a trial court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous." *Oddo v. Speedway Scaffold Co.*, 233 Neb. 1, 2, 443 N.W.2d 596, 598 (1989). Accord, *Albee v. Maverick Media, Inc., ante* p. 60, 474 N.W.2d 238 (1991); *Alliance Nat. Bank v. State Surety Co.*, 223 Neb. 403, 390 N.W.2d 487 (1986).

In an appeal from a county court's judgment rendered in a bench trial of a law action, an appellate court conducts a review for error appearing on the record made in the county court. See, *Dammann v. Litty*, 234 Neb. 664, 452 N.W.2d 522 (1990); *Mason v. Schumacher*, 231 Neb. 929, 439 N.W.2d 61 (1989); *Holden v. Urban*, 224 Neb. 472, 398 N.W.2d 699 (1987). See, also, Neb. Rev. Stat. § 25-2733(1) (Reissue 1989): "In all cases other than appeals from the Small Claims Court, the district court shall review the case for error appearing on the record made in the county court . . . ." An appellate court reviewing a judgment in a bench trial of a law action in a county court does not reweigh the evidence, but considers the judgment in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. See, *Dammann v. Litty, supra*; *Mason v. Schumacher, supra*; *Holden v. Urban, supra*.

## THE ASSAULT AND BATTERY

The following facts were established in the county court as a basis for Nelson-Holst's judgment against Iverson:

Nelson-Holst and Iverson are parents of Eric, their 15-month-old son, who at the time of the incident was in Nelson-Holst's physical custody subject to visitation by Iverson. On September 6, 1987, when Iverson failed to return Eric after visitation in Iverson's home, Nelson-Holst went to Iverson's place to get Eric.

When Nelson-Holst arrived, Iverson, who had been drinking alcohol, became abusive, refused to let her take Eric, and began to beat her with his fists. In the course of the quarrel, Iverson threw Nelson-Holst against the door and dragged her out of the house by her hair, stopping only when his mother intervened. As the result of the beating by Iverson, Nelson-Holst sustained bodily injury, which included a black eye, swelling of her head, a bruised nose, and multiple contusions on her body. Police were summoned on account of the quarrel. Nelson-Holst required medical attention for her injuries sustained in the beating. Her doctor's bill was $28. After the incident, Nelson-Holst experienced nightmares for which she was receiving counseling.

The county court entered judgment in the amount of $7,800 for Nelson-Holst and against Iverson on Nelson-Holst's cause of action for assault and battery. Iverson appealed to the district court and, in his appeal to that court, assigned errors similar to those which he has now assigned in his appeal to this court. The district court, without comment or explanation other than a notation on its docket sheet, reduced Nelson-Holst's damages award to $5,000. Iverson has appealed to this court, and, under the circumstances, we construe Nelson-Holst's brief as a cross-appeal.

## SUFFICIENCY OF EVIDENCE

From the foregoing facts, we conclude that the evidence sustains the finding that Iverson tortiously assaulted and battered Nelson-Holst, who sustained damages as the result of the beating inflicted by Iverson. The county court's judgment, which has the effect of a verdict, is supported by the evidence and is not clearly erroneous.

## DAMAGES AWARDED TO NELSON-HOLST

We have held that "[t]he measure of recovery in a case of

assault and battery is limited to compensatory damages. *Haumont v. Alexander*, 190 Neb. 637, 211 N.W.2d 119 (1973). Such damages include the nature of the injuries, and pain and suffering." *Duncza v. Gottschalk*, 218 Neb. 879, 880, 359 N.W.2d 813, 815 (1984). Moreover, as the court expressed in *Duncza*:

> Where recovery is not a mere matter of computation and depends upon the intangible and quite subjective elements of pain and suffering, it will not be interfered with unless it is so excessive and so grossly unresponsive to the evidence as to be indicative of passion, prejudice, mistake, or misconception. *Stewart v. Ritz Cab Co.*, 185 Neb. 692, 178 N.W.2d 577 (1970).

218 Neb. at 880, 359 N.W.2d at 814. We note that judgment for the plaintiff in *Duncza* was in the amount of $6,500 for damages sustained as the result of an assault and battery which caused a black eye to the plaintiff, bruised her face, and caused emotional upset to the plaintiff.

Since the district court in Nelson-Holst's case reduced the county court judgment from the amount of $7,800 to $5,000, but did not state or indicate the basis or reason for such reduction in the amount of the judgment, we can only conclude that the district court entered a remittitur of $2,800 without any reason expressed for the remittitur.

In *Barbour v. Jenson Commercial Distributing Co.*, 212 Neb. 512, 516-17, 323 N.W.2d 824, 826 (1982), this court stated:

> The law is well established that where a verdict is excessive, but not so much as to indicate passion or prejudice on the part of the jury, the error may be corrected by remittitur, if the excess can be estimated with reasonable certainty. *Hays v. County of Douglas*, 192 Neb. 580, 223 N.W.2d 143 (1974).
>
> . . . .
>
> Generally, where the damages awarded are greater than the amount claimed in the declaration, or, from the facts disclosed by the evidence, are clearly excessive, and the illegal portion is distinguishable from the legal, the defect may usually be remedied by a remittitur of the excess, if it can be readily calculated with reasonable certainty,

whether the action is one of tort or on contract, and although such act of the successful litigant obviates an otherwise prejudicial error.

In *Barbour v. Jenson Commercial Distributing Co., supra,* a remittitur entered in the trial court was appropriate and was sustained on appeal, where the jury's verdict was for an amount in excess of the amount of damages established by the plaintiff's evidence. Since the amount of the verdict was too large in view of the undisputed evidence on contract damages, this court held that "the record establishes the amount of the excess with reasonable certainty" and sustained the remittitur entered in the trial court. 212 Neb. at 517, 323 N.W.2d at 827.

However,

if there [is] no method by which a court [can] rationally ascertain the extent of the excess of a verdict, a remittitur [cannot] be required, for the reason that under such circumstances a remittitur [is] nothing more than a substitution of the judgment of the court for that of the [fact finder].

*Main v. Sorgenfrei,* 174 Neb. 523, 539, 118 N.W.2d 648, 658 (1962).

Recently, in *Crewdson v. Burlington Northern RR. Co.,* 234 Neb. 631, 643, 452 N.W.2d 270, 280 (1990), which was a wrongful death action, we stated:

A verdict may be set aside as excessive when, and not unless, it is so exorbitant as to be the result of passion, prejudice, mistake, or some other means not apparent in the record. *Pitt v. Checker Cab Co.,* 217 Neb. 600, 350 N.W.2d 507 (1984).. . . . We have also suggested that passion or prejudice is shown when the verdict shocks the conscience. See, *Woitalewicz v. Wyatt,* 229 Neb. 626, 631, 428 N.W.2d 216, 219 (1988) (stating that "[t]here is nothing to indicate that the award by the jury is the result of either passion or prejudice, nor does the verdict shock the conscience"); *Steinauer v. Sarpy County,* 217 Neb. 830, 841, 353 N.W.2d 715, 723 (1984) (explaining that "[t]o be sure, at some point the verdict may shock the conscience and, therefore, obviously be excessive").

Further, in *Crewdson v. Burlington Northern RR. Co., supra,*

we also stated: "Unless a court can rationally ascertain the extent of an excessive verdict, a remittitur cannot properly be required. A remittitur would amount only to a substitution of the judgment of the court for that of the jury. *Main v. Sorgenfrei*, 174 Neb. 523, 118 N.W.2d 648 (1962)." 234 Neb. at 645, 452 N.W.2d at 281. Finally, although we determined that the award in *Crewdson v. Burlington Northern RR. Co., supra*, was "clearly excessive, we [were] unable to determine the extent of the excess," and, therefore, the excessive verdict was set aside and the cause was remanded for a new trial on the issue of damages only. 234 Neb. at 645, 452 N.W.2d at 281.

When we consider the nature of Nelson-Holst's injuries sustained as the result of the beating by Iverson, including her pain and suffering from that ordeal, a judgment for $7,800 is not an amount that shocks the conscience of this court under the circumstances. To grant a remittitur in these circumstances would only be to substitute the judgment of this court for the judgment of the county court as the fact finder in Nelson-Holst's case. However, such a substitution of judgment is apparently what was done by the district court in reducing the amount of the judgment obtained by Nelson-Holst in the county court. As we pointed out in *Crewdson v. Burlington Northern RR. Co., supra*, when a court cannot rationally ascertain the amount of excessiveness in an award of damages, a remittitur cannot properly be required or entered; rather, the proper action is setting aside the excessive damages award and granting a new trial on the issue of damages. Even if the award of damages in Nelson-Holst's case was determined by the district court to be excessive, the district court, as an appellate court in Nelson-Holst's case, did not reverse the county court judgment and order a new trial on damages only but, instead, entered a remittitur, which was improper under the circumstances.

## CONCLUSION

The judgment for Nelson-Holst in the county court is sustained by the evidence and is not excessive under the circumstances. As the result of the improper remittitur by the district court and reduction on appeal of the county court

918

judgment, we must reverse the judgment of the district court and remand this cause to the district court with direction to reinstate and affirm the county court judgment obtained by Nelson-Holst in the principal amount of $7,800.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED
WITH DIRECTION.

SHANAHAN, J., not participating in the decision.