STATE OF NEBRASKA EX REL. DENNIS GRAMS, DIRECTOR,
DEPARTMENT OF ENVIRONMENTAL CONTROL, APPELLANT, V.
RANDALL R. BEACH, APPELLEE.

498 N.W.2d 83

Filed April 2, 1993.   No. S-90-1049.

Don Stenberg, Attorney General, William L. Howland, Timothy J. Doyle, and, on brief, Steven J. Moeller for appellant.

Bradley D. Holtorf, of Sidner, Svoboda, Schilke, Thomsen, Holtorf & Boggy, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

Dennis Grams, as director of Nebraska's Department of Environmental Control (department), appeals the district court's dismissal of the department's action for civil penalties against appellee, Randall R. Beach. The district court held that although Beach had violated an administrative order, the State did not prove an element necessary to recover penalties for the violation. We reverse and remand.

During the time relevant to this action, Beach owned a mobile home park in Norfolk. Situated on the property were two waste-water lagoons. The department discovered that the lagoons were leaking waste water into a nearby lake. The department then issued an administrative order requiring

Beach to prevent leakage from the lagoons and to maintain the waste water at safe levels. Beach failed to comply with the order.

The department then brought suit against Beach, seeking injunctive relief and civil penalties under Neb. Rev. Stat. § 81-1508(1)(c) (Reissue 1987) for violation of its order. The district court granted a permanent injunction, later holding a hearing on the penalty issue and whether Beach should be held in contempt for failing to comply with the injunction. The court found Beach in contempt and jailed him until he had purged himself of contempt, but dismissed the department's action for penalties.

The court held that although the department had proven a violation of the administrative order, it had not shown any evidence of pollution. The court thus denied the request for penalties and dismissed that cause of action. The department then perfected this appeal.

The department alleges that the district court committed two errors. First, the department alleges that it was error to dismiss the action for civil penalties and to conclude that pollution is an element that the department must prove in a § 81-1508(1)(c) action for violation of a departmental order. Second, the department alleges that the court erred by not considering the size of the operation as a basis for determining penalties.

Section 81-1508 provides, in pertinent part:

(1) Any person who violates any of the provisions of the Environmental Protection Act or who fails to perform any duty imposed by such act shall:

. . . .

(c) . . . for violation of . . . orders of the director under the National Pollutant Discharge Elimination System . . . *be subject to a civil penalty of not more than five thousand dollars per day, the amount of such penalty to be based on the size of the operation and the degree and extent of the pollution.*

(Emphasis supplied.)

The issue facing us hinges on the meaning of the emphasized statutory language above. Beach argues, and the district court held, that a showing of pollution is a necessary element for recovery of a civil penalty against the violator. Conversely, the

department argues that once a violation occurs, a penalty may be imposed, and that existence of pollution is only a factor to be considered when calculating the amount of the penalty.

The parties have not indicated, nor has our research discovered, any other jurisdictions employing similar statutory language. The legislative history of the statute offers no insight into the intent behind the pertinent language. We therefore rely solely on the statutory language itself to determine its meaning.

The meaning of statutory language is a question of law. *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990). On questions of law, this court is obliged to reach a conclusion independent of the decision reached by the trial court. *Howard v. City of Lincoln, ante* p. 5, 497 N.W.2d 53 (1993); *Dowd v. First Omaha Sec. Corp.*, 242 Neb. 347, 495 N.W.2d 36 (1993).

When interpreting a statute, we are guided by a number of rules. The language of the statute is to be considered in its plain, ordinary, popular sense. *In re Application A-16642, supra.* Furthermore, we must attempt to give effect to all parts of the statute, and if it can be avoided, no word, clause, or sentence of the statute will be rejected as superfluous or meaningless. *Canas v. Maryland Cas. Co.*, 236 Neb. 164, 459 N.W.2d 533 (1990). Finally, it is not within the province of a court to read anything plain, direct, and unambiguous out of the statute. *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985).

With the foregoing rules in mind, it is apparent that the cause must be remanded to the district court for further factual findings. Although the statute leaves the amount of the penalty to the discretion of the courts, the district court improperly treated a showing of pollution as requisite to imposition of a penalty.

Under § 81-1508(1)(c), any person "who violates . . . the Environmental Protection Act . . . shall . . . for violation of . . . orders of the director . . . be subject to a civil penalty . . . ." It is clear from the terms of the statute that in situations similar to the case before us, the imposition of a penalty is conditioned on violation of the department's order. The district court specifically found that such a violation occurred.

However, the court also conditioned the penalty on the final

clause of subsection (c) of the statute: "the amount of such penalty to be based on the size of the operation and the degree and extent of the pollution." This was incorrect.

The "size of the operation" and "pollution" provisos bear only on the *amount* of the penalty, not on whether a penalty may be imposed. Under the statute, the district court has discretion to determine how large the penalty should be—up to $5,000 per day. The court may even determine that despite a violation, the lack of pollution and size of operation warrant no penalty. See § 81-1508(1)(c). However, the court may not deny a penalty simply on the ground that no pollution was shown; the size of the operation must also be considered when arriving at the penal amount.

The department accurately points out the ramifications of following a "showing of pollution" penalty analysis. Section 81-1508(1)(c) also provides that individuals shall be subject to civil penalties for, among other things, refusing the right of inspection to the department, violating filing requirements, and failing to obtain a permit. None of these violations involve pollution. Under the district court's analysis, such violations could not result in penalties. Such a construction does not give effect to all the terms of the statute.

We agree with Beach that because § 81-1508 is a penal statute, it must be strictly construed. See, *State v. Pierson*, 239 Neb. 350, 476 N.W.2d 544 (1991); *State v. Kincaid*, 235 Neb. 89, 453 N.W.2d 738 (1990). However, we have also stated: "A [penal] statute should be given a sensible construction. . . . The rule requiring strict construction of penal statutes is not violated by giving words of the statute their full meaning in the connection in which they are employed." (Citations omitted.) *State v. Ewing*, 221 Neb. 462, 467, 378 N.W.2d 158, 162 (1985).

When all portions of § 81-1508(1)(c) are given effect, the statute does not lend itself to the construction given it by the district court. A showing of pollution is not requisite to recovery of a civil penalty under the statute. The court's verdict must be reversed and the cause remanded for additional findings.

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside

on appeal unless clearly wrong. *City of La Vista v. Andersen*, 240 Neb. 3, 480 N.W.2d 185 (1992); *Nelson-Holst v. Iverson*, 239 Neb. 911, 479 N.W.2d 759 (1992). Nothing in the record indicates that the district court erred in finding that Beach violated the department's order or that the department failed to prove pollution.

We thus remand to the district court to consider the size of the operation, in addition to the lack of pollution. From those factual considerations, the court will determine whether a penalty should be awarded, and if so, the extent of that penalty.

REVERSED AND REMANDED WITH DIRECTIONS.