MICHAEL A. ENYEART, APPELLANT, V. STEVEN P. SWARTZ, APPELLEE.

355 N.W.2d 786

Filed October 5, 1984.   No. 83-975.

Jeffrey A. Silver, for appellant.

Jerry J. Milner, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This is the second time this case has appeared before this court. Unfortunately, an examination of the record makes it clear that practice does not always make perfect. The facts of the case are set out in detail in our first opinion in this case (see *Enyeart v. Swartz*, 213 Neb. 732, 331 N.W.2d 513 (1983)), and will not be repeated here. Suffice it to say this was a case involving a collision between an automobile driven by the plaintiff-appellant, Enyeart, and a motorcycle driven by the defendant-appellee, Swartz. In the first case we reversed and remanded the judgment for defendant and ordered a new trial due to the trial court's failure to instruct the jury on the meaning of and rules regarding right-of-way. Neither party objected at trial to the court's failure to instruct on right-of-way, but we concluded, as we must, that the issue was so basic to the cause of action that the failure to instruct on right-of-way constituted such error as to require a new trial. Following our opinion in *Enyeart*, the case was again tried to the jury and resulted this time in a verdict for the defendant on his counterclaim in the

amount of $12,197.75, that being the specific amount of the special damages sought by him. While there was evidence that he sustained additional injury to himself, the jury apparently determined not to award him anything for that on his counterclaim, perhaps because of the comparative negligence instruction given by the court. Enyeart now appeals to this court, maintaining that the trial court erred in failing to give certain instructions not requested by Enyeart, or in giving certain instructions not objected to by Enyeart.

In some respects the instructions given by the trial court did not specifically follow the Nebraska Jury Instructions fully, as the rules require. See, *Jones v. Foutch*, 203 Neb. 246, 278 N.W.2d 572 (1979); *Kresha v. Kresha*, 216 Neb. 377, 344 N.W.2d 906 (1984). Nevertheless, were we presented only with the issues raised by Enyeart we might be inclined to affirm on the basis of our prior cases holding that failure to object to instructions after they have been submitted to counsel for review or failure to offer more specific instructions if counsel feels the court's instructions are not sufficiently specific will preclude raising an objection on appeal. See, *Haumont v. Alexander*, 190 Neb. 637, 211 N.W.2d 119 (1973); *Fisher v. Gate City Steel Corp.*, 190 Neb. 699, 211 N.W.2d 914 (1973); *Keating v. Klemish*, 214 Neb. 458, 334 N.W.2d 440 (1983). However, we are compelled in this case to once again reverse and remand because an examination of the instructions given by the court discloses plain error indicative of a probable miscarriage of justice sufficient to require us to act, even absent a proper objection by counsel. See *Barta v. Betzer*, 190 Neb. 752, 212 N.W.2d 352 (1973).

Although neither party raised any objection at the time of the instruction conference and appellant does not assign it as one of his errors, an examination of the instructions tendered by the court to the jury discloses that the court did not provide the jury with an instruction on the definition of "proximate cause" as required by NJI 3.41. No such instruction was given even though this was a case in which the issue of the proximate cause of the accident .was vigorously disputed. The plaintiff maintained that the proximate cause of the accident was the negligence of the defendant; the defendant counterclaimed,

maintaining that the proximate cause of the accident was the negligence of the plaintiff; and the trial court instructed the jury that in order to recover, one of the parties had to prove that the accident and resulting damages were proximately caused by the other. The court further instructed the jury that if it found that both parties were negligent "and the negligence of each proximately caused the accident," the jury was then to compare the negligence. While it may not be error, per se, to fail to give a definition of proximate cause as set out in NJI 3.41 if the matter is not an issue (see *Morton v. Travelers Indemnity Co.*, 171 Neb. 433, 106 N.W.2d 710 (1960)), the failure to give an instruction on the definition of proximate cause where, as here, it is one of the principal issues in the case must be considered by the court to be plain error, requiring reversal. See *Enyeart v. Swartz*, 213 Neb. 732, 331 N.W.2d 513 (1983).

While we are ever committed to our view that the failure to object to instructions or the failure to tender instructions generally precludes one from raising the matter on appeal (see *McCauley v. Briggs, ante* p. 403, 355 N.W.2d 508 (1984)), and we continue to urge counsel to assist the court in the interest of both conserving judicial time and eliminating the unnecessary occurrence of trial costs which ultimately must be borne by one or the other litigant, we nevertheless believe that we cannot ignore the error present here. Hopefully, the third time will be the magic time. Having thus disposed of this appeal on this issue, we need not consider any of the assignments raised by the parties. The judgment of the trial court is reversed and the matter remanded with instructions to grant a second new trial. Each party is to pay his own costs on appeal.

REVERSED AND REMANDED WITH DIRECTIONS.