ELLIS & GUY ADVERTISING, INC., A NEBRASKA CORPORATION, APPELLEE AND CROSS-APPELLANT, V. JAMES COHEN AND HOWARD VANN, APPELLANTS AND CROSS-APPELLEES.

363 N.W.2d 180

Filed February 22, 1985.  No. 83-778.

Warren S. Zweiback and Patricia A. Lamberty of Zweiback, Kasher, Flaherty & DeWitt, P.C., for appellants.

Margaret Schneider of Swarr, May, Smith & Andersen, P.C., for appellee.

BOSLAUGH, WHITE, and GRANT, JJ., and McCOWN, J., Retired, and COLWELL, D.J., Retired.

GRANT, J.

In its third amended petition filed June 14, 1983, plaintiff-appellee, Ellis & Guy Advertising, Inc. (hereinafter Ellis & Guy), sued defendants-appellants, James Cohen and Howard Vann, alleging that "each of them purchased advertising services from the plaintiff . . . ."; that "defendants . . . are indebted to the plaintiff in the amount of $9,167.93 for services rendered"; that "said sum is due pursuant to invoice dated June 30, 1981"; and that "demand has been made upon the defendants . . . but no payment has been made." Ellis & Guy sought judgment against Cohen and Vann individually, together with prejudgment interest after June 30, 1981.

Cohen and Vann joined in an "Answer to Third Amended Petition," in which they generally denied the material allegations of the third amended petition, and "by way of further answer" alleged "that to the extent the the [sic] services . . . were purchased or provided, they were purchased by and provided by plaintiff to Vanco Pizza, Inc., a Nebraska corporation." Cohen and Vann prayed that the Ellis & Guy petition be dismissed.

From these pleadings the parties agree in their briefs that this is an action "based upon an alleged oral contract between Plaintiff and Defendants." The site and date of the alleged contract are not set out in the pleadings, and the record indicates a series of contracts rather than one detailed agreement; but we accept the case as seen and tried by the parties.

Jury trial began on August 31, 1983. Ellis & Guy completed its evidence and rested on the same day. Cohen and Vann completed their testimony and rested the next day, September 1. An instruction conference was held on September 2, final

arguments made, the case submitted to the jury, and the jury returned its verdict for Ellis & Guy and against Cohen and Vann in the amount of $9,167.93.

Thereafter, Cohen and Vann timely filed their motion for new trial, and Ellis & Guy filed its motion for prejudgment interest. Both motions were denied. Cohen and Vann appeal from the judgment and the denial of their motion for new trial, and Ellis & Guy cross-appeals from the denial of its motion for prejudgment interest.

Cohen and Vann assign four errors in their appeal to this court. One assignment is that the court erred in failing to give any instruction on defendants' theory of equitable estoppel; two assignments are that the trial court erred in giving instruction No. 10; and the last assignment is that the court erred in denying defendants' motion for a directed verdict. For the reasons hereinafter set out we affirm.

In deciding the first three assignments of error, we are again faced with the problem arising when, after an instruction conference at which neither of the parties to a lawsuit raises any objection to the instructions as given, the parties then challenge on appeal the giving of, or the failing to give, certain instructions.

In the case at bar the record shows that trial counsel were never hurried in the pleading or presentation of their respective cases or in the instruction conference held. Yet, after ample time to find errors in the instructions, at that conference counsel affirmatively showed that they had no objection to any part of the court's proposed instructions.

We held in *McCauley v. Briggs*, 218 Neb. 403, 408, 355 N.W.2d 508, 511-12 (1984):

> [I]t is the duty of the trial court, without any request to do so, to instruct the jury on the issues presented by the pleadings and supported by the evidence. [Citations omitted.]
>
> In applying that principle we have established that the failure to object to instructions after they have been submitted to counsel for review or to offer more specific instructions if counsel feels the court-tendered instructions are not sufficiently specific will preclude

raising an objection on appeal, unless there is a plain error indicative of a probable miscarriage of justice.

In the case of *Enyeart v. Swartz*, 218 Neb. 425, 427, 355 N.W.2d 786, 788 (1984), where the court and counsel overlooked the giving of an instruction on proximate cause, we reversed the case, stating:

> While we are ever committed to our view that the failure to object to instructions or the failure to tender instructions generally precludes one from raising the matter on appeal (see *McCauley v. Briggs, ante* p. 403, 355 N.W.2d 508 (1984)), and we continue to urge counsel to assist the court in the interest of both conserving judicial time and eliminating the unnecessary occurrence of trial costs which ultimately must be borne by one or the other litigant, we nevertheless believe that we cannot ignore the error present here.

In this case the instructions complained of were not objected to at the instruction conference, were not set out in the motion for new trial, and were not mentioned at the mandatory prehearing conference pursuant to the rules of this court. The subject first came to light in the appellants' brief filed February 21, 1984. Thus, the trial court was not given any chance to consider if appellants' theories had any merit. The reason for appellants' late challenge to the instructions in this case is different than in most cases. Often the matter of proper instructions is simply overlooked by counsel. Here, counsel represented Cohen and Vann during the trial and up through the prehearing conference in this court. Then, for reasons not stated, trial counsel was replaced by the attorneys presenting this appeal. With the broad approach taken in this appeal, where challenges are made to the trial procedures, the litigants, in effect, have sought to employ their own "postjudgment civil relief act," wherein all actions of trial counsel may be challenged in an appeal by different counsel. This approach is beyond proper appellate procedures.

In this case we again state, as set out in *Enyeart*, our urging that counsel should assist the court in the instruction phase of the trial, as an aid both to the court and to their clients. Again, we must return to our basic principle, set out in the *McCauley*

case, that in such situations we look only for "plain error indicative of a probable miscarriage of justice."

With reference to appellants' contention that the court erred in failing to instruct on appellants' theory of equitable estoppel, our examination of the transcript filed herein shows that the issue of equitable estoppel was not raised in the pleadings until a separate "Amended Answer" was filed by each defendant. These answers alleged that Ellis & Guy was estopped from denying that it dealt with a corporation rather than with Cohen and Vann individually. The record before us shows that copies of these amended answers were mailed to Ellis & Guy's attorney on August 31, 1983—the first day of the trial of this case. The transcript further shows that these answers were filed with the clerk of the district court on November 3, 1983—more than 2 months after the trial of this case. The record does show that the day preceding the instruction conference the trial judge stated that he was not going to instruct on the equitable estoppel issue. The record shows that amended answers were allowed to be filed. Why copies were filed at such a late date is not shown. In view of the record before us, and counsel's failure to object at the instruction conference as to the court's refusal to submit the equitable estoppel issue, it is obvious there is no plain error indicative of a probable miscarriage of justice. Appellants' failure to bring the issue before the trial court precludes raising an objection on appeal. The district court's actions with regard to the equitable estoppel question are affirmed.

Appellants' two assignments of error on instruction No. 10, as given by the trial court, also were raised for the first time on appeal.

The challenged instruction submitted both plaintiff's and defendants' theories of the case to the jury. As a result, the instruction was somewhat long and possibly confusing, but examination of the instruction does not disclose any plain error resulting in a probable miscarriage of justice.

The instruction told the jury that Ellis & Guy pleaded and adduced evidence showing that Ellis & Guy dealt with Cohen and Vann as individuals and that Ellis & Guy had the burden of proving those allegations. In the same instruction the jury was instructed on the different liabilities imposed on persons acting

as agents of corporations and on persons acting as individuals and, in effect, that if defendants pleaded and relied on the fact that plaintiff had entered into this contract with Vanco Pizza, Inc., defendants would have to prove that fact.

In its third amended petition Ellis & Guy alleged it dealt with Cohen and Vann as individuals. The court properly placed the burden on Ellis & Guy to prove that. In their answer Cohen and Vann not only generally denied the allegations that they entered into a contract as individuals but affirmatively alleged that the identical services furnished by Ellis & Guy were, in fact, furnished to Vanco Pizza, Inc. The effect of such an affirmative factual allegation in their answer necessarily means that Cohen and Vann are stating that Ellis & Guy entered into the contract with a specific corporation. In that situation the burden of proof obviously rests on Ellis & Guy to prove it dealt with Cohen and Vann as individuals. The court's instruction so stated. Once that is established, however, there is no burden of proof on Ellis & Guy to prove that it did *not* deal with a specific corporation. The court did not require Ellis & Guy to prove that negative.

The court instructed that if the jury determined that Ellis & Guy dealt with Cohen and Vann only as agents for Vanco Pizza, Inc., they could not be found liable for the advertising services. The court, however, in view of Cohen and Vann's pleadings, instructed the jury that if existence of the alleged Ellis & Guy-Vanco Pizza, Inc., contract was the reason that Cohen and Vann were not liable as individuals, then the burden of proving that contract was on Cohen and Vann. While that allegation does not rise to the level of an affirmative defense such as duress or estoppel, the allegation does inject a fact question into the jury's deliberations, and the jury must be instructed as to how that fact is to be proved and the effect of such proof. The trial court could not put the burden of proving that fact on plaintiff. In view of the record the court's instruction does not indicate a probable miscarriage of justice. Cohen and Vann had gone beyond just defending against the plaintiff's claim and had alleged the existence of a specific fact which could possibly render them not liable. In such a situation plaintiff has no burden to prove the negative of such a defense.

It might well be that the instruction could have been more clearly worded, but in the absence of an objection at the instruction conference, and in view of the manner in which this case was pleaded and tried, we cannot say there was any plain error indicative of a probable miscarriage of justice.

The last assignment of error is that the trial court erred in not directing a verdict in favor of Cohen and Vann. The evidence in the record, although certainly disputed, shows that there were conferences, at some unspecified times, between Cohen and Vann, as individuals, and representatives of Ellis & Guy and that these conferences resulted in agreements by Cohen and Vann, as individuals, to purchase advertising services. The evidence would support a finding that the two were acting as individuals. The evidence would also support a finding that Cohen and Vann were, in all their negotiations with Ellis & Guy, acting as agents for a corporation. It was stipulated that the services were rendered and the prices were fair. A jury question was presented. The court was correct in not directing a verdict in favor of Cohen and Vann.

Ellis & Guy cross-appeals from the trial court's determination that while there was no dispute as to the amount in question, there was a reasonable controversy about who owed that amount, and, therefore, no prejudgment interest should be allowed. Ellis & Guy contends in its brief that where a claim is liquidated, prejudgment interest is allowed as a matter of right. *Land Paving Co. v. D. A. Constr. Co.*, 215 Neb. 406, 338 N.W.2d 779 (1983), and *O'Keefe Elevator v. Second Ave. Properties*, 216 Neb. 170, 343 N.W.2d 54 (1984), hold that a claim is liquidated where there is no reasonable controversy as to either plaintiff's right to recover or as to the amount of such recovery. Here, while there is no reasonable controversy as to Ellis & Guy's right to recover from someone nor as to the amount of recovery, there is a controversy as to from whom Ellis & Guy may recover—that is, are Cohen and Vann liable to Ellis & Guy or is some other entity liable? Such a dispute is a controversy which requires that prejudgment interest not be awarded. The trial court's denial of prejudgment interest was correct.

AFFIRMED.