FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, APPELLEE, v. JOHN D. KMENT AND BRIAN M. DETLEF, APPELLANTS.

658 N.W.2d 662

Filed April 4, 2003.   No. S-01-1238.

Norman Denenberg and James A. Mullen for appellant Brian M. Detlef.

Donald L. Stern for appellant John D. Kment.

Thomas A. Grennan and Donald P. Dworak, of Gross & Welch, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This is an appeal from a declaratory judgment action brought by appellee, Farmers Mutual Insurance Company of Nebraska

(FMI), against appellants, John D. Kment and Brian M. Detlef. The jury determined that the injuries sustained by Detlef were intended by Kment and that thus, FMI was not obligated under its homeowner's insurance contract issued to Kment to provide coverage. The appellants filed this appeal. The specific issue we address is whether an instruction should have been given as to the effect of voluntary intoxication by Kment. For the reasons set forth below, we affirm.

## BACKGROUND

Kment owned his own house and rented the basement apartment to Detlef for $100 per month. On January 28, 1995, Kment went down to Detlef's apartment with a 12 gauge Winchester shotgun and shot Detlef twice, which ultimately necessitated that Detlef's right hand be amputated.

Detlef sued Kment in district court. Following a bench trial, the district court entered judgment in favor of Detlef in the amount of $1,400,000. Detlef sought to recover the amount under Kment's homeowner's insurance policy issued by FMI. FMI denied Detlef's claim, citing an exclusion in the policy which excludes coverage for intentional acts. The policy provided personal liability coverage for accidents, but not **"[b]odily injury or property damage** expected or intended by an **insured person."** The appellants alleged that the shooting was an accident; that Kment only intended to frighten Detlef; that Kment thought the gun was unloaded at the time of the shooting; that the injury was the result of a "stupid prank," possibly combined with alcohol; and that Kment did not intend to injure Detlef.

FMI brought the present declaratory judgment action alleging that Kment intended to injure Detlef and that there was, therefore, no coverage under the policy. Both parties moved for summary judgment, and both motions were overruled. The court found a genuine issue of material fact existed as to whether the shooting was intentional or accidental. Prior to trial, FMI filed a motion in limine seeking to exclude evidence at the trial of Kment's alleged intoxication on the day of the shooting. The court overruled FMI's motion in limine.

At the declaratory judgment trial, Kment gave conflicting testimony. He testified that he was not drunk at the time of the

incident, but also testified that he was not sober. He further testified that he intended only to take the shotgun down to Detlef's apartment to show him the gun. Thinking the gun was not loaded, Kment decided to play a joke on Detlef by aiming the gun at Detlef and pulling the trigger. The gun discharged, surprising Detlef, and a scuffle ensued between Detlef and Kment. In the scuffle, Detlef pulled on the gun, the gun discharged again, and Detlef's right hand was blown off at the wrist. A jury verdict was returned in FMI's favor determining that the injuries were "expected or intended" by Kment. This appeal followed.

## ASSIGNMENTS OF ERROR

The appellants assign that the district court erred in the following: (1) refusing to give the instruction requested by Detlef that voluntary intoxication may destroy the capacity to form the intent required to invoke a policy exclusion for acts " 'intended or expected' " by the insured and that the burden is on FMI to prove and persuade the jury that the injuries were within the scope of the exclusion; (2) refusing to give the requested instruction that an injury resulting from gross negligence or recklessness is not expected or intended unless there is a specific intent to harm or injure another; (3) refusing to give the tendered instruction that any reasonable doubt in interpreting the expected or intended clause of the insurance policy is to be resolved in favor of the appellants; (4) refusing to give the requested instruction that when a gun is fired intentionally with the purpose of frightening, but there was no intent to shoot a person, any resulting injury would not be expected or intended by the insured; and (5) refusing to give the requested instruction that "if the policy holder, Kment, mistakenly believed that the shotgun was not loaded, then [the jury] must find that the injury to Detlef was not expected or intended."

## STANDARD OF REVIEW

Whether a jury instruction given by a trial court is correct is a question of law. *Russell v. Stricker*, 262 Neb. 853, 635 N.W.2d 734 (2001); *Paulk v. Central Lab. Assocs.*, 262 Neb. 838, 636 N.W.2d 170 (2001); *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001). To establish reversible error from a court's

failure to give a requested jury instruction, an appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *Springer v. Bohling*, 263 Neb. 802, 643 N.W.2d 386 (2002).

## ANALYSIS

Before addressing the substantive issues raised by the appellants on appeal, we first determine if the assigned errors are properly before our court. Our review is guided by the following principles of law: An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal. *Torrison v. Overman*, 250 Neb. 164, 549 N.W.2d 124 (1996). Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *Russell v. Stricker, supra; Maxwell v. Montey, supra.* The submission of proposed instructions by counsel does not relieve the parties in an instruction conference from calling the court's attention by objection to any perceived omission or misstatement in the instructions given by the court. *Haumont v. Alexander*, 190 Neb. 637, 211 N.W.2d 119 (1973). The purpose of the instruction conference is to give the trial court an opportunity to correct any errors being made by it. Consequently, the parties should object to any errors of commission or omission. *Id*. It is not error for a trial court to refuse to give a requested instruction if the substance of the proposed instruction is contained in those instructions actually given. *McLain v. Ortmeier*, 259 Neb. 750, 612 N.W.2d 217 (2000); *Kent v. Crocker*, 252 Neb. 462, 562 N.W.2d 833 (1997); *Gustafson v. Burlington Northern RR. Co.*, 252 Neb. 226, 561 N.W.2d 212 (1997).

The record in this case shows that prior to the instruction conference, Detlef's counsel submitted six instructions for the court's review. The court refused all six. On appeal, the appellants assign as error the refusal of the trial court to submit four of the six jury instructions, which we number according to the assignments of error as follows: Nos. 1, voluntary intoxication; 2, gross negligence; 4, firing a gun for the purpose of frightening; and 5, mistaken belief that the gun was loaded. Assignment of error No. 3

concerning the interpretation of the expected or intended clause of the insurance policy cannot be found in the record. Because this assignment of error was never presented to the trial court as a jury instruction, we conclude that it is not properly before this court on appeal.

At the instruction conference, 18 instructions were approved by the court, none of which included counsel's requested instructions. As to the requested instructions, the record reveals that counsel only objected to the court's refusal to submit the instruction on voluntary intoxication. Because no objection was made to the following requested instructions concerning assignments of error Nos. 2, gross negligence; 4, firing a gun for the purpose of frightening; and 5, mistaken belief that the gun was loaded, we conclude those instructions are not properly before us.

We next compare counsel's tendered jury instruction on voluntary intoxication to the submitted jury instructions. The tendered instruction was as follows: "Voluntary intoxication may destroy the capacity to form the intent required to invoke a policy exclusion for acts 'intended or expected' by the insured, and that the burden is on the carrier to prove and persuade that the injuries were within the scope of the exclusion." The instruction can be broken down into two parts: (1) the effect voluntary intoxication may have on the capacity to form intent and (2) the insurer has the burden of proof to prove that the injuries were within the scope of the exclusion. A review of the record reveals that the second part of the tendered instruction concerning the insurer's burden was submitted to the jury. Instruction No. 8 states in part: "The burden of proof is on the Plaintiff Farmers Mutual to establish by the greater weight of the evidence that the bodily injuries sustained by Defendant Detlef on January 28, 1995 were expected or intended by Defendant John Kment." The district court correctly found this to be the law of Nebraska and submitted such instruction to the jury. See *Farm Bureau Ins. Co. v. Witte*, 256 Neb. 919, 594 N.W.2d 574 (1999). Because its substance was submitted to the jury, we find the second part of the appellants' assigned error to be without merit.

Our analysis focuses only on the part of the tendered instruction rejected by the court concerning the effect voluntary intoxication may have on the capacity to form intent and its relation

to the exclusion of expected or intentional acts in the insurance policy.

Under Nebraska law, the burden to prove that an exclusionary clause applies rests upon the insurer. *Economy Preferred Ins. Co. v. Mass*, 242 Neb. 842, 497 N.W.2d 6 (1993). The exclusion provision at issue in this case provides that "**[b]odily injury** or **property damage** expected or intended by an **insured person**" will not be covered. In order for the intentional or expected injury exclusion in a liability insurance policy to apply, the insurer must show that the insured acted with the specific intent to cause harm to a third party, but does not have to show that the insured intended the specific injury that occurred. *State Farm Fire & Cas. Co. v. Muth*, 190 Neb. 248, 207 N.W.2d 364 (1973). An injury is "expected or intended" from the standpoint of the insured if a reason for an insured's act is to inflict bodily injury or if the character of the act is such that an intention to inflict an injury can be inferred as a matter of law. *Jones v. Norval*, 203 Neb. 549, 279 N.W.2d 388 (1979).

In the case at bar, the appellants allege that the district court erred in refusing to give their tendered instruction that "[v]oluntary intoxication may destroy the capacity to form the intent required to invoke a policy exclusion for acts 'intended or expected' by the insured." To establish reversible error because of a trial court's failure to give a requested jury instruction, an appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *Springer v. Bohling*, 263 Neb. 802, 643 N.W.2d 386 (2002).

The district court denied the appellants' instruction on voluntary intoxication, concluding that the evidence required for the instruction was not put in front of the jury. We agree. A trial court need not instruct the jury on an issue where the facts do not justify such an instruction. *Battle Creek State Bank v. Haake*, 255 Neb. 666, 587 N.W.2d 83 (1998). The charge as requested would have allowed the jury to decide whether Kment's intoxication *destroyed* his capacity to form the specific intent to harm a third person. Assuming without deciding that the appellants' tendered instruction is an accurate statement of the law, it is

clear that the evidence does not justify the charge. No evidence, empirical, expert, or otherwise, was offered to show that Kment lacked the capacity to form intent. While there is evidence that Kment may have been intoxicated, perhaps even very intoxicated, the record is devoid of any evidence that Kment was so intoxicated that he lacked the capacity to form the intent to harm another person. Exhibiting signs of intoxication is different from the inability to form an intent to injure.

Even those parts of the record that are disputed demonstrate that Kment was capable of engaging in rational thought on the night of the shooting. No witness who observed Kment on the night of the shooting testified that his conduct or conversation demonstrated any inability to form the intent to injure. Two police officers testified that after Kment's arrest immediately following the shooting, he was not confused as to time, place, and date. Neither officer indicated that Kment lacked the capacity to form the required intent. The claim that Kment was so intoxicated as to lack the capacity to form the intent to injure is implausible in light of Kment's own testimony and statements he made to the officers. The evidence shows that Kment engaged in rational thought before and after the shooting. Kment remembered retrieving the gun and going downstairs. He even recalled which lights were on downstairs and in which hand he was carrying the gun. Kment also testified that he intended to pull the trigger and that he knew what he was doing at the time of the incident.

Moreover, Kment's own theory of the case presupposes that he had the capacity to form the requisite intent. He did not claim that at the time of the shooting, he blacked out or was hallucinating. Rather, Kment testified that he intended to play a practical joke on Detlef. He went downstairs, pointed the gun at Detlef, and pulled the trigger, not knowing the gun was loaded. This presupposes that Kment was capable of rational thought. To have offered an instruction to the jury that he was so drunk that he could not have formed the requisite intent would have been inconsistent with Kment's own theory. Because the evidence did not warrant the instruction of voluntary intoxication, we conclude that the court did not err in refusing to give the requested instruction.

## CONCLUSION

Having concluded that the appellants' tendered instruction on voluntary intoxication was not warranted by the evidence, we affirm the judgment of the district court.

AFFIRMED.

STEPHAN, J., not participating.