LORI J. SHIPFERLING, APPELLANT, v. CAROLYN G. COOK,
INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF GALE D. COOK, DECEASED, DEFENDANT
AND THIRD-PARTY PLAINTIFF, APPELLEE, AND CITY OF LINCOLN,
THIRD-PARTY DEFENDANT, APPELLEE.

665 N.W.2d 648

Filed July 25, 2003.   No. S-02-348.

Kenneth Cobb, of Law Office of Kenneth Cobb, P.C., for
appellant.

Gary J. Nedved, of Keating, O'Gara, Davis & Nedved, P.C.,
L.L.O., for appellee Carolyn G. Cook.

James D. Faimon, Assistant Lincoln City Attorney, for
appellee City of Lincoln.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and
MILLER-LERMAN, JJ.

McCORMACK, J.
## NATURE OF CASE
Lori J. Shipferling brought a negligence action against Carolyn G. Cook, individually and as personal representative of the estate of Gale D. Cook, deceased, for injuries sustained on Cook's property. The City of Lincoln (City) was joined as a third-party defendant for purposes of allocating negligence in accordance with Nebraska's comparative negligence laws, Neb. Rev. Stat. § 25-21,185.07 et seq. (Reissue 1995). The jury rendered a verdict in favor of Cook. Shipferling appeals.

## BACKGROUND
On September 7, 1996, Shipferling, a U.S. postal worker, attempted to deliver a package to the front door of a townhouse that is the Cooks' rental property. The Cooks have owned the property since the mid-1970's, but never lived in the townhouse. Shipferling parked next to the curb and stepped out of her vehicle. Her left foot stepped on the edge of a water meter cover. As she tried to take another step, the cover slipped, causing her to fall. Shipferling's left leg went down into the meter vault up to an inch below her kneecap. As a result of the fall, Shipferling suffered a cut on her left leg and a torn anterior cruciate ligament in her left knee. She underwent several months of physical therapy and eventually had surgery to repair the torn ligament. Shipferling returned to restricted duty approximately 9 months after the accident.

## PROCEDURAL BACKGROUND
On October 25, 1999, Shipferling filed a personal injury action against the Cooks (hereinafter Cook). She alleged that she was injured while attempting to deliver mail to Cook's residence when she fell as a result of Cook's negligence. In her amended petition, Shipferling alleged that pursuant to a city ordinance, Cook had a duty to maintain the meter cover. Shipferling further alleged that Cook breached her duty to maintain the meter cover in that (1) she failed to warn of the hazard, (2) she failed to notify the City of the defective and dangerous condition, and (3) she failed to correct the defect in the meter cover. Shipferling prayed for $27,902.13 plus general damages and costs. Cook generally

denied the allegations and alleged that Shipferling was negligent in failing to keep a proper lookout.

On January 3, 2001, Cook filed an amended third-party petition against the City, alleging that the City's negligence was the proximate cause of the accident resulting in Shipferling's injuries. The City filed a demurrer. The district court sustained the demurrer and dismissed the third-party petition with prejudice. The court reasoned that the third-party petition did not state a cause of action against the City due to its failure to comply with the time requirements of Neb. Rev. Stat. § 13-919 (Reissue 1997) of the Political Subdivisions Tort Claims Act.

Cook then sought leave of the court and filed a second amended third-party petition, naming the City as a third-party defendant. Cook again alleged that the City's negligence was the proximate cause of Shipferling's accident. Cook prayed for relief in that the City's negligence be considered by the fact finder and that the jury have the opportunity to allocate any negligence of the parties in accordance with the comparative negligence laws. The City filed a special appearance, objecting to the court's jurisdiction, but failed to have it set for a hearing. Shipferling then filed a motion to strike, asking that the second amended third-party petition be stricken because the negligence of the City was not a defense to the action against Cook.

In its order dated November 2, 2001, the district court overruled Shipferling's motion to strike. The court determined that regardless of the fact that Shipferling could not collect from the City, the City could be properly named as a third-party defendant because there was a question of whether the City was negligent in maintaining the water meter cover on which Shipferling stepped. The court designated the trial as a special proceeding outside the Political Subdivisions Tort Claims Act and compelled the City to participate solely for the purpose of allowing the jury to allocate negligence between the defendants. The district court held that Neb. Rev. Stat. § 25-331 (Reissue 1995) allows a defendant, as a third-party plaintiff, to file a third-party petition against a person who is not a party, but who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. The district court also determined that § 25-21,185.10 allows allocation of liability between joint tort-feasors so long as

there are multiple defendants in a case at the time the case is submitted to the fact finder. It also concluded that the plaintiff's ability to collect from the third-party defendant does not affect the application of § 25-21,185.10.

In January 2002, a jury trial was convened on the personal injury action. At the close of all the evidence, the City moved for a directed verdict and Shipferling joined in the City's motion. The City claimed that Cook failed to meet its burden of proof as a matter of law and that the court lacked jurisdiction over the City. The district court overruled the City's motion. The court determined that the City could be compelled to be a party in a special proceeding solely for the purpose of allowing the jury to allocate negligence between the parties.

At the close of the trial, the jury was given three verdict forms along with jury instructions to complete one of the forms in the following manner:

(1) Verdict form No. 1: If Shipferling has not met her burden of proof, then the verdict must be for Cook. On the other hand, if Shipferling has met her burden of proof, then the jury must consider Cook's defenses.

(2) Verdict form No. 2: If Shipferling has met her burden of proof and Cook has not met her burden of proof, then the verdict must be for Shipferling, and the negligence apportioned between Cook and the City accordingly.

(3) Verdict form No. 3: If Shipferling and Cook have both met their burdens of proof, then the jury must compare their negligence and apportion the negligence between Shipferling, Cook, and the City.

The jury completed verdict form No. 1, finding in favor of Cook. The jury did not allocate negligence between the parties.

## ASSIGNMENTS OF ERROR

Shipferling assigns, restated and renumbered, that the district court erred in (1) making the City a third-party defendant; (2) submitting the case to the jury under the comparative negligence statute; (3) failing to grant the City's and Shipferling's motions for directed verdict; (4) instructing the jury that the City could be liable for ordinary negligence; (5) applying the comparative negligence statute; (6) failing to sustain the special appearance of the

City; (7) submitting the issue of contributory negligence of Shipferling (proper lookout); (8) giving jury instruction No. 2, which outlined the issues and burden of proof and effect of findings; (9) failing to give requested instruction No. 4, which stated the violation of an ordinance is evidence of negligence, which the court noted was given in substance; (10) failing to submit Shipferling's requested instruction No. 9; (11) failing to give Shipferling's requested instruction No. 10, which stated that under the common law of Nebraska, governmental subdivisions could not be liable for any negligence in carrying out its duties as a governmental subdivision; and (12) failing to give Shipferling's requested instruction No. 12, which stated ignorance of the law is no excuse.

## STANDARD OF REVIEW

■ Whether a jury instruction given by a trial court is correct is a question of law. *Russell v. Stricker*, 262 Neb. 853, 635 N.W.2d 734 (2001); *Paulk v. Central Lab. Assocs.*, 262 Neb. 838, 636 N.W.2d 170 (2001).

## ANALYSIS

### ERRORS ASSIGNED BUT NOT ARGUED

■ Before addressing the substantive issues raised by Shipferling on appeal, we first determine if the assigned errors are properly before our court. Errors assigned but not argued will not be addressed on appeal. *Hradecky v. State*, 264 Neb. 771, 652 N.W.2d 277 (2002). Shipferling does not argue in her brief, and therefore they will not be addressed by this court, the following assignments of error: No. 4, instructing the jury that the City could be liable for ordinary negligence; No. 6, failing to sustain the special appearance of the City after dismissal of the petition and the refiling of the third-party plaintiff, Cook; No. 10, failing to submit Shipferling's requested instruction No. 9; and No. 11, failing to give Shipferling's requested jury instruction No. 10.

### FAILURE TO OBJECT TO JURY INSTRUCTIONS

■ Shipferling assigns several errors with the jury instructions, assignments of error Nos. 7 through 12. Failure to object

to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *Farmers Mut. Ins. Co. v. Kment*, 265 Neb. 655, 658 N.W.2d 662 (2003). The submission of proposed instructions by counsel does not relieve the parties in an instruction conference from calling the court's attention by objection to any perceived omission or misstatement in the instructions given by the court. *Id.* It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court will generally be affirmed. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

Shipferling specifically claims that jury instruction No. 2, which included the issue of Shipferling's contributory negligence, was given by the court over her objection. However, our appellate review is restricted because the jury instruction conference is not included in the record. The record does not include any objection by Shipferling to the alleged errors regarding jury instructions. Because Shipferling's alleged objections do not appear in the record, we conclude that the assigned errors which pertain to the jury instructions are not preserved for review, and thus we do not consider them. We do not find plain error.

### THIRD-PARTY DEFENDANT

Shipferling's remaining assignments of error, properly preserved, assigned, and argued in her appellate brief, specifically No. 1, making the City a third-party defendant; No. 2, submitting the case to the jury under the comparative negligence statute when the City was not a proper party defendant; No. 3, failing to grant the City and Shipferling's motion for directed verdict; and No. 5, applying the contributory negligence statute with a defendant who is a real defendant, can be summarized into one issue. That issue is whether it was error to permit Cook to join the City as a third-party defendant for the purpose of allowing the jury to allocate negligence between the parties pursuant to the comparative negligence laws. Shipferling contends that the district court lost jurisdiction over the City after the original third-party petition was dismissed for failure to comply with the time requirements of the Political Subdivisions Tort Claims Act. She

also asserts that the City was not a proper party defendant because no monetary judgment could be entered against the City. Shipferling claims that it was error to submit the case to the jury with instructions to allocate damages between all the parties because the comparative negligence statute applies to proper party defendants. Shipferling also contends that the issue of contributory negligence confused the jury and deflected the jury's attention from the issue of Cook's negligence. For all these reasons, Shipferling claims that she was prejudiced.

■ After trial, the jury returned verdict form No. 1. The jury found in favor of Cook because Shipferling had not met her burden of proof. As such, the jury did not consider the allegation of contributory negligence of Shipferling nor the allegation of negligence of the City for the purposes of allocating negligence between the parties pursuant to the comparative negligence statute. The jury did not consider the facts underlying the balance of Shipferling's assignments of error. Where a jury, using a special verdict form, finds no negligence on the part of the defendant and, accordingly, does not reach the question of the plaintiff's contributory negligence, any error in giving a contributory negligence instruction is harmless and does not require reversal of a verdict in favor of the defendant. *Corcoran v. Lovercheck*, 256 Neb. 936, 594 N.W.2d 615 (1999). Because neither the allegation of Shipferling's contributory negligence nor the allegation of comparative negligence against the City for the purpose of allocating negligence between the parties pursuant to the comparative negligence statute was considered by the jury, we conclude that it is not necessary to address Shipferling's assignments of error claiming it was error for the district court to allow Cook to join the City as a third-party defendant.

## CONCLUSION

For the reasons set out above, we affirm the judgment of the district court.

AFFIRMED.

HENDRY, C.J., not participating.