767 N.W.2d 136 (2009)
17 Neb. App. 615
Pamela S. WILKINS et al., appellees,
v.
Richard F. BERGSTROM, M.D., appellant.
No. A-08-801.
Court of Appeals of Nebraska.
May 19, 2009.
*139 Earl G. Greene III, of Pansing, Hogan, Ernst & Bachman, L.L.P., Omaha, for appellant.
Matthew A. Lathrop and Kate E. Placzek for appellees.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Richard F. Bergstrom, M.D., appeals from a jury verdict awarding damages to Pamela S. Wilkins in a medical malpractice case. The district court refused Bergstrom's requested jury instruction addressing Bergstrom's purported admission that he "made a mistake." Because Bergstrom's proffered instruction was sufficiently covered in the instructions given to the jury and unduly emphasized a portion of the evidence, we affirm the district court's refusal to give the requested instruction.

BACKGROUND
Pamela and Donald R. Wilkins filed a complaint alleging that Bergstrom negligently injured Pamela during the performance of a right carpal tunnel release procedure and that Donald suffered loss of consortium. Specifically, the complaint alleged that Bergstrom was negligent in causing a laceration of the median nerve.
At trial, Donald testified that after Pamela's surgery, he asked Bergstrom how the procedure went. According to Donald, Bergstrom responded: "`Not good, I made a mistake, I cut the median nerve.'"
At the conclusion of trial, the court conducted a jury instruction conference. Prior to the instruction conference, the court submitted its proposed instructions to the parties. On the day of the conference, Bergstrom submitted a proposed jury instruction which read as follows: "You have heard testimony that . . . Bergstrom reportedly told [Donald] that he, . . . Bergstrom, `made a mistake.' You are instructed that the word [']mistake' is not synonymous with negligence."
At the instruction conference, the court first dealt with the matter of the parties' additional requested instructions. The court heard the parties' arguments on the parties' proposed instructions and made explicit rulings on each instruction. The court refused Bergstrom's proposed instruction at issue in the instant appeal. The court subsequently read through its own proposed instructions and offered the parties an opportunity to object to these instructions. Bergstrom did not object to the court's proposed instructions as being inconsistent with his proposed instruction.
The court submitted the case to the jury, which returned a verdict for Pamela in her negligence claim in the amount of $175,000. The jury found for Bergstrom as to Donald's claim.
Bergstrom timely appeals.

ASSIGNMENTS OF ERROR
Bergstrom assigns that the district court erred in (1) refusing to give his proposed jury instruction and (2) overruling his motion for a new trial in which he alleged that the court erred in refusing to give his proposed jury instruction.

STANDARD OF REVIEW
Whether a jury instruction given by a trial court is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. Karel v. *140 Nebraska Health Sys., 274 Neb. 175, 738 N.W.2d 831 (2007).
Decisions regarding motions for new trial are directed to the discretion of the trial court, and will be upheld in the absence of an abuse of discretion. Sturzenegger v. Father Flanagan's Boys' Home, 276 Neb. 327, 754 N.W.2d 406 (2008).

ANALYSIS

Preservation of Error.
Pamela and Donald argue that Bergstrom failed to preserve the assigned error regarding his proposed jury instruction for purposes of this appeal by failing to make a proper objection. Failure to make a timely objection waives the right to assert prejudicial error on appeal. Shipler v. General Motors Corp., 271 Neb. 194, 710 N.W.2d 807 (2006). Pamela and Donald assert that in order to preserve any error related to the court's failure to give his proposed jury instruction, Bergstrom had to object to the court's refusal to adopt his proposed instruction at the instruction conference after the court had already explicitly ruled on the instruction. However, we conclude that because Bergstrom raised the issue of his proposed instruction at the instruction conference and the district court engaged in an extended colloquy with counsel regarding its merits, Bergstrom preserved the issue of his proposed jury instruction for this appeal.
We first consider what is required to preserve the issue of a jury instruction in the context of the instant case. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. Houston v. Metrovision, Inc., 267 Neb. 730, 677 N.W.2d 139 (2004); Olson v. Sherrerd, 266 Neb. 207, 663 N.W.2d 617 (2003). Sometimes, this rule has been stated another way: The failure to object to instructions after they have been submitted to counsel for review or to offer more specific instructions if counsel feels the court-tendered instructions are not sufficiently specific will preclude raising an objection on appeal, unless there is a plain error indicative of a probable miscarriage of justice. State v. Sanders, 269 Neb. 895, 697 N.W.2d 657 (2005); Ellis & Guy Advg. v. Cohen, 219 Neb. 340, 363 N.W.2d 180 (1985).
Although the second statement of the rule may seem to provide an additional, inconsistent method of preserving an objectionby offering more specific instructionsboth statements of the rule are consistent. Offering more specific instructions at the conference is a method of objecting to the court's instructions as insufficient.
Pamela and Donald rely upon Olson v. Sherrerd, supra, and Farmers Mut. Ins. Co. v. Kment, 265 Neb. 655, 658 N.W.2d 662 (2003), to support the proposition that Bergstrom failed to preserve the claimed error. However, in both of these cases, the party requesting an instruction filed the requested instruction but failed to mention the requested instruction at the instruction conference. Thus, in both instances, the requesting party failed to object to the instructions in any manner calculated to make the trial court aware that the party was objecting to the omission. In the instant case, however, unlike the situations in both Olson and Farmers Mut. Ins. Co., Bergstrom specifically raised the issue of the proposed instruction at the instruction conference, the parties made extended arguments regarding the instruction, and the court explicitly refused to give the instruction. Bergstrom thereby called to the court's attention the omitted language.
*141 Further, Bergstrom's action fulfilled the general objective set forth in Farmers Mut. Ins. Co. v. Kment, supra. As the Nebraska Supreme Court explained, "The purpose of the instruction conference is to give the trial court an opportunity to correct any errors being made by it. Consequently, the parties should object to any errors of commission or omission." Id. at 659, 658 N.W.2d at 666-67. Consideration of Bergstrom's requested instruction at the instruction conference provided the court a full opportunity to correct what Bergstrom claimed to be an error of omission of the requested instruction.
We therefore conclude that the totality of Bergstrom's actions during the instruction conference constituted a sufficient objection to the omission of the requested language in the court's proposed jury instructions. Pamela and Donald's argument would exalt form over substance and require the recitation of "magic words" despite a specific request, discussion, and ruling. We find no merit to this argument.

Proposed Instruction.
Bergstrom argues that the district court erred in refusing to give his proposed instruction. To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. Sturzenegger v. Father Flanagan's Boys' Home, 276 Neb. 327, 754 N.W.2d 406 (2008).
Bergstrom argues that pursuant to Keys v. Guthmann, 267 Neb. 649, 676 N.W.2d 354 (2004), and Fossett v. Board of Regents, 258 Neb. 703, 605 N.W.2d 465 (2000), his proposed jury instruction was a correct statement of law. We note that in Fossett, the court stated that "[a] mistake is not synonymous with negligence," 258 Neb. at 711, 605 N.W.2d at 471, and that in Keys, the court approved this language in Fossett. In both cases, the court held that a physician's alleged admission of a mistake, standing alone, is not sufficient to rebut the presumption against negligence created on summary judgment by the physician's affidavit stating that he did not breach the appropriate standard of care. For purposes of this appeal, we will assume without deciding that Bergstrom's proposed jury instruction was a correct statement of the law.
The second requirementthat the tendered instruction was warranted by the evidencewas clearly established in the record. The requested instruction was based directly on Donald's testimony.
However, Bergstrom cannot show that the court's failure to give this instruction was prejudicial. In reviewing a claim of prejudice from jury instructions given or refused, an appellate court must read the instructions together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. Karel v. Nebraska Health Sys., 274 Neb. 175, 738 N.W.2d 831 (2007). Bergstrom does not contend that the court's instructions on negligence were an incorrect statement of the law or were misleading. Bergstrom contends only that the court's instructions did not adequately cover the issues. We disagree because the district court provided the jury with adequate instructions on negligence and Bergstrom's requested instruction would unduly emphasize a portion of the evidence.
*142 First, Bergstrom does not claim that the district court failed to provide adequate instructions on negligence in general. We have reviewed the record and found that the court gave appropriate instructions on negligence that were based on the second edition of the Nebraska Jury Instructions. Among other things, the jury was instructed on the "Function of Judge, Jury, and Counsel," pursuant to NJI2d Civ. 1.01; negligence in general, pursuant to an instruction nearly identical to NJI2d Civ. 2.01; the duty of a professional, pursuant to NJI2d Civ. 12.04; burden of proof, pursuant to NJI2d Civ. 2.12A; proximate cause, pursuant to NJI2d Civ. 3.41; evidence, pursuant to NJI2d Civ. 1.02 and 1.31; and "Evaluation of TestimonyCredibility of Witnesses" pursuant to NJI2d Civ. 1.41. Bergstrom does not argue that these instructions were inappropriate in the instant case, but instead claims that the district court was required to give a special instruction to explain the effect of his statement.
The trial court is not required to give a proffered instruction which unduly emphasizes a part of the evidence in the case. First Mid America, Inc. v. Palmer, 197 Neb. 224, 248 N.W.2d 30 (1976). In First Mid America, Inc., the Nebraska Supreme Court upheld a trial court's decision to reject a proffered instruction because the instruction unduly emphasized a portion of the evidence even though it implicitly determined that the instruction was a correct statement of the law and was applicable to the facts. The plaintiff proposed a jury instruction which stated that the defendant's failure to read the customer agreement that he signed did not relieve the defendant of the "`obligations'" or "`consequences'" imposed by the documents. 197 Neb. at 235, 248 N.W.2d at 37. The Supreme Court agreed with the rejection of the instruction because the agreement at issue in the case consisted of both written and oral understandings and the instruction drew undue attention to the written customer agreement.
In the instant case, the proposed instruction likewise placed too much focus on one portion of the evidence. The instruction would have stated that one particular piece of evidence did not constitute negligence. However, the overall question for the jury was whether the totality of the evidence presented at trial established that Bergstrom was negligent by a preponderance of the evidence. In addition to Bergstrom's statement, there was a significant amount of evidence adduced at trial regarding negligenceincluding expert testimony. If the court had given Bergstrom's proposed instruction, it would have distracted the jury from the overall inquiry at hand.
In addition, by giving Bergstrom's proposed instruction, the court would have ventured into the area of commenting on the evidence, which is a practice that has been strongly discouraged. Judges should be careful in jury trials and refrain from commenting upon witnesses or their testimony, for each party is entitled to have the jury pass upon the evidence without having its effect or importance altered, either as to credibility or value. Styskal v. Brickey, 158 Neb. 208, 62 N.W.2d 854 (1954).

New Trial.
Because the district court did not err in failing to give Bergstrom's proposed instruction, the court did not abuse its discretion in denying Bergstrom's motion for a new trial which was made on the same basis. A motion for new trial is to be granted only when error prejudicial to the rights of the unsuccessful party has occurred. Bradley T. & Donna T. v. Central *143 Catholic High Sch., 264 Neb. 951, 653 N.W.2d 813 (2002).

CONCLUSION
Because Bergstrom's proposed jury instruction addressed a subject adequately covered by the instructions given and unduly emphasized a portion of the evidence, we affirm the district court's decision to reject the instruction.
AFFIRMED.