DANNY HOUSTON, APPELLEE AND CROSS-APPELLANT, V. METROVISION, INC., DOING BUSINESS AS LINCOLN CABLEVISION, AND TELECOMMUNICATION SERVICES, INC., ALSO KNOWN AS T.S.I., APPELLANTS AND CROSS-APPELLEES, AND LIBERTY MUTUAL INSURANCE CO., APPELLEE.

677 N.W.2d 139

Filed April 9, 2004. No. S-02-1316.

P. Shawn McCann, of Sodoro, Daly & Sodoro, P.C., and Cathy S. Trent, Stephen L. Ahl, and James Snowden, of Wolfe, Snowden, Hurd, Luers & Ahl, for appellants.

Christopher D. Jerram, of Kelley & Lehan, P.C., and Stanley White, of White & White, L.L.C., for appellee Danny Houston.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This is a negligence action brought by Danny Houston against Metrovision, Inc., doing business as Lincoln Cablevision (Metrovision), and Telecommunication Services, Inc. (TSI) (collectively the appellants). Houston received a jury verdict in his favor, prompting this appeal and Houston's cross-appeal. We affirm.

## BACKGROUND

At all relevant times, Metrovision provided cable television services in Lincoln, Nebraska. In the early 1990's, Metrovision began an upgrade of its cable television system. Metrovision hired TSI as the general contractor for the project. In turn, TSI hired a number of subcontractors to perform various aspects of the project. Houston was an employee of one of the subcontractors hired by TSI.

On July 27, 1992, Houston was performing "wreck-out" on a utility pole near 14th and Avery Streets in Lincoln. "Wreck-out" is a term used to describe the process of removing old cable television wires and other equipment from utility poles after the new wires have been installed. Linemen performing "wreck-out" climb the utility poles, cut the old wires, drop them to the ground, remove hardware on the pole, and then descend from the pole.

Houston was in the process of descending from the utility pole when his arm brushed against an energized ground wire. He received a shock, causing him to fall from the pole to the street

below and suffer injuries. Houston was aware that the electricity to the cable television system was still on while he did his work. He also testified that before he climbed the pole, he noticed that a ground wire on the pole was broken. To test to see if the wire was "hot," Houston touched the wire with the back of his hand but felt nothing. In addition to the broken ground wire, there is evidence that a "neutral connector" on the pole had failed, unbeknownst to Houston.

Houston filed a negligence action against the appellants and other defendants. The other defendants have long since been dismissed from the case. Houston alleged that the appellants were negligent in failing to turn off the electrical power to the cable television system. The appellants asserted that Houston was contributorily negligent and that he assumed the risk. The case proceeded to a jury trial. At trial, the court granted Metrovision's motion for a directed verdict, and the jury later returned a verdict in favor of TSI. Houston appealed to the Nebraska Court of Appeals, and Metrovision and TSI cross-appealed. In a memorandum opinion, the Court of Appeals reversed, and remanded for a new trial. *Houston v. Telecommunication Servs., Inc.*, 8 Neb. App. xiii (No. 97-956, Feb. 17, 2000). No petition for further review was filed. The conclusions reached by the Court of Appeals in its opinion are discussed in greater detail below.

Following the Court of Appeals' mandate, the cause was once again tried to a jury. This time, the jury found that Houston was 40 percent negligent and that the appellants were 60 percent negligent. Houston's $2,375,000 in damages was therefore reduced to $1,425,000 to reflect the allocation of negligence to Houston, and judgment was entered in that amount. The appellants filed motions for judgment notwithstanding the verdict or for a new trial, but both were denied. We moved the case to our own docket.

## ASSIGNMENTS OF ERROR

The appellants assign, consolidated, that the district court erred in (1) denying the appellants' motions for directed verdict and judgment notwithstanding the verdict or for a new trial; (2) failing to hold that the appellants owed no duty of care to Houston, as an employee of a subcontractor who had received workers' compensation benefits for his on-the-job injury; (3) failing to hold

that the appellants owed no duty of care to Houston because the "wreck-out" work was not a "peculiar risk"; (4) submitting the case to the jury because there was no proof of the appellants' knowledge of a risk and because of Houston's superior knowledge; (5) failing to instruct the jury that the verdict should be for the appellants if the sole proximate cause of the accident was the negligence of the subcontractor; (6) failing to instruct the jury to make an allocation for the negligence of the subcontractor; (7) giving verdict form No. 5 and in not giving a verdict form requiring a separate allocation of negligence between Metrovision and TSI; and (8) denying the appellants' motion in limine and receiving evidence of subsequent remedial measures.

On cross-appeal, Houston assigns that the district court erred in (1) failing to allow him to elicit testimony from a witness regarding Occupational Safety and Health Administration (OSHA) requirements; (2) failing to submit his proposed jury instructions regarding violation of OSHA requirements; and (3) submitting assumption of the risk as a defense because (a) there was insufficient evidence he assumed the risk and (b) assumption of the risk violates Neb. Const. art. I, § 3.

## STANDARD OF REVIEW

When a motion for directed verdict made at the close of all the evidence is overruled by the trial court, appellate review is controlled by the rule that a directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the evidence, and the issues should be decided as a matter of law. *Carlson v. Okerstrom, ante* p. 397, 675 N.W.2d 89 (2004).

Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *Steele v. Sedlacek, ante* p. 1, 673 N.W.2d 1 (2003).

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *Id.*

## ANALYSIS

In their first four assignments of error, the appellants argue that the district court erred in denying their motions for directed

verdict and judgment notwithstanding the verdict or for a new trial because they did not owe a duty of care to Houston, an employee of a subcontractor. They claim that they owed no duty of care to Houston for a number of reasons, including that (1) workers' compensation provided Houston's exclusive remedy against the appellants, (2) the wreck-out work Houston performed did not involve a peculiar risk, and (3) Houston had knowledge of the dangers presented.

 Houston argues that the appellants' arguments are defeated by the law-of-the-case doctrine. Under the law-of-the-case doctrine, the holdings of the appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. *Mondelli v. Kendel Homes Corp.*, 262 Neb. 263, 631 N.W.2d 846 (2001).

> "An issue which has been litigated and decided in one stage of a case should not be relitigated in a later stage. The most usual situation for the application of the doctrine involves a second or third appeal in the same case. For instance, an appellate court may reverse and remand a case for a new trial because of alleged errors of law committed by the trial court. After a second trial there may be a second appeal in which the appellant wishes to reargue the points decided on the former appeal. . . ."

*In re Application of City of Lincoln*, 243 Neb. 458, 467-68, 500 N.W.2d 183, 190 (1993), quoting Milton D. Green, Basic Civil Procedure 240 (2d ed. 1979). The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit. *In re Estate of Stull*, 261 Neb. 319, 622 N.W.2d 886 (2001).

The first trial in this action resulted in a directed verdict for Metrovision and a jury verdict for TSI. On appeal, Houston argued that the jury should have been instructed that TSI owed him a nondelegable duty of care. The Court of Appeals agreed. The court, relying on *Parrish v. Omaha Pub. Power Dist.*, 242 Neb. 783, 496 N.W.2d 902 (1993), determined "[w]ithout question" that the wreck-out work performed by Houston involved a peculiar risk and that, therefore, the jury should have been

instructed that TSI owed Houston a nondelegable duty to ensure a safe work environment. In addition, Houston also argued on appeal that the district court erred in granting a directed verdict in favor of Metrovision. The Court of Appeals again agreed with Houston. It concluded that Metrovision also owed a nondelegable duty of care to Houston because the work performed by Houston involved peculiar risks. In addition, the Court of Appeals also rejected the appellants' contention on cross-appeal that Houston's action was barred by the exclusive remedy provision of the Nebraska Workers' Compensation Act. Thus, the appellants' arguments in this appeal were squarely addressed by the Court of Appeals in the prior appeal. The Court of Appeals determined that the wreck-out work performed by Houston involved a peculiar risk and that, as a result, both Metrovision and TSI owed Houston a nondelegable duty of care. The law-of-the-case doctrine precludes the appellants from relitigating that issue in this appeal.

The appellants also assign a number of errors in the jury instructions and verdict forms. They contend that the jury should have been instructed that its verdict should be for the appellants if it found that the sole proximate cause of the accident was the negligence of the subcontractor. They also believe that verdict form No. 5 should have allowed the jury to allocate negligence to the subcontractor and should also have allowed for a separate allocation of negligence between Metrovision and TSI.

The appellants did not raise these issues in the district court. An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal. *Farmers Mut. Ins. Co. v. Kment*, 265 Neb. 655, 658 N.W.2d 662 (2003). The purpose of the instruction conference is to give the trial court an opportunity to correct any errors being made by it. Consequently, the parties should object to any errors of commission or omission. *Id.* The appellants fifth, sixth, and seventh assignments of error are not properly before this court.

Finally, the appellants assign that the district court erred in receiving evidence of subsequent remedial measures. The evidence at issue was a document written by Metrovision after Houston's accident instructing TSI, among other things, that no wreck-out work should be performed until electricity is turned

off to the system. Under Neb. Rev. Stat. § 27-407 (Reissue 1995), evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct. However, such evidence is admissible when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The admissibility of the document at issue was addressed by the Court of Appeals during the first appeal in this action. During the first trial, testimony was received from Ralph Gasow, TSI's project manager, and Jackie Harris, Metrovision's project manager. The Court of Appeals recognized that Gasow's and Harris' testimony was contradictory on the question of which party had control of the wreck-out project. Thus, the court held that the document was admissible under § 27-407 on the controverted issue of control of the project as well as to impeach their testimony. At the second trial, the depositions of both Gasow and Harris were received into evidence. Their deposition testimony in the second trial revealed the same inconsistencies previously noted by the Court of Appeals. Thus, where the facts presented at the second trial did not materially and substantially differ from the facts presented at the first trial, the admissibility of the document at the second trial was determined by the law-of-the-case doctrine. *Tank v. Peterson*, 228 Neb. 491, 423 N.W.2d 752 (1988). This assignment of error is without merit.

Houston's cross-appeal, according to his brief, was filed "in the event this Court determines that [the appellants'] argument(s) are meritorious and determines a new trial is required." Brief for appellee on cross-appeal at 39. Because we conclude that the appellants' arguments are without merit and that no new trial is required, it is not necessary that we address Houston's cross-appeal.

## CONCLUSION

The Court of Appeals' conclusion, in a prior appeal in this action, that the appellants owed Houston a nondelegable duty of care became the law of the case and may not be reargued here. The appellants' assignments of error regarding the jury instructions and verdict forms are not properly before this court. Finally, their contention that evidence of subsequent remedial

measures was erroneously received into evidence is without merit. We affirm.

AFFIRMED.