## L.T. Thomas, appellant, v. State of Nebraska, appellee.

685 N.W.2d 66

Filed August 13, 2004.   No. S-03-423.

James Walter Crampton for appellant.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

Hendry, C.J., Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Per Curiam.

### NATURE OF CASE

L.T. Thomas appeals from an order of the Douglas County District Court which denied his request to take depositions in anticipation of a postconviction action.

### FACTS

The background of this case is delineated in *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002) (*Thomas I*), *cert. denied* 537 U.S. 918, 123 S. Ct. 303, 154 L. Ed. 2d 203. Thomas was convicted of second degree murder, first degree assault, and two counts of use of a firearm to commit a felony. His motions for new trial were overruled, and he was sentenced as a habitual criminal. Thomas' direct appeal was dismissed by the Nebraska Court of Appeals because the poverty affidavit accompanying his notice of appeal was signed by trial counsel rather than by Thomas. See *State v. Thomas*, 4 Neb. App. xlix (No. A-95-1313, Jan. 9, 1996). He was granted a new direct appeal in which we affirmed his convictions but vacated the

sentences because we found the evidence insufficient to prove Thomas' earlier convictions for purposes of sentence enhancement. We remanded the cause to the trial court with directions to hold a new enhancement hearing.

Thomas subsequently filed an amended petition citing as authority Neb. Ct. R. of Discovery 27 (rev. 2000) and "the inherent power of the court to entertain an action to perpetuate testimony." Via this action, Thomas requested permission to perpetuate the testimony of three jurors who participated in his trial. Thomas alleged that he expected the testimony might be used in a postconviction action anticipated following this court's opinion in *Thomas I*. The petition stated that Thomas sought the testimony to address the issue of a juror who failed to inform counsel in voir dire as to a relative's murder. Thomas also asserted that he desired to perpetuate the testimony of the trial judge and the bailiff as to the existence of a note or notes from the jury to the court and the current location of any such note.

The district court sustained the State's motion to dismiss Thomas' action, and he appealed. Thomas' appeal was dismissed by the Court of Appeals for lack of jurisdiction pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 2001). See *Thomas v. State*, 11 Neb. App. lxxv (No. A-02-1502, March 5, 2003). The Court of Appeals concluded that the district court's journal entry dismissing Thomas' action was not a final, appealable order and that, thus, there was no proper entry of judgment by the district court.

Thereafter, the district court entered a written order dismissing Thomas' petition, finding that it is not proper or appropriate for Thomas to file a separate civil action to perpetuate testimony regarding the jurors and that rule 27 is not a proper method by which to obtain this testimony. Thomas timely appealed from this order.

## ASSIGNMENT OF ERROR

Thomas asserts that the district court abused its discretion in dismissing his amended petition.

## STANDARD OF REVIEW

An order denying a petition to perpetuate testimony is reviewed to determine whether the trial court abused its discretion. See *Gernstein v. Lake*, 259 Neb. 479, 610 N.W.2d 714 (2000).

■ Under the law-of-the-case doctrine, the holdings of the appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. *Houston v. Metrovision, Inc.*, 267 Neb. 730, 677 N.W.2d 139 (2004).

## ANALYSIS

Thomas seeks to perpetuate the testimony of jurors to obtain information about whether one of the jurors failed to disclose on voir dire that he had a relative who had been the victim of a murder, an issue we have previously addressed.

In *Thomas I*, Thomas alleged that he was denied a fair trial due to the misconduct of a juror who failed to disclose during voir dire that his uncle had been the victim of a violent crime. We noted that the burden to establish prejudice related to alleged jury misconduct rests on the party claiming the misconduct. Whether jury misconduct occurred is largely a question of fact, and the trial court must resolve whether the misconduct was so prejudicial that the defendant was denied a fair trial. *Id.*

The trial court in Thomas' case reviewed the issue of juror misconduct at a hearing on a second supplemental motion for new trial. Sworn statements were offered from jurors; however, the trial court excluded the statements based upon Neb. Rev. Stat. § 27-606(2) (Reissue 1995), which states that a juror may not testify concerning the jury's deliberations or concerning the juror's mental process in reaching a verdict. A juror may testify as to "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." *Id.*

In *Thomas I*, we held that no evidence was presented to establish that any extraneous information was brought to the jury's attention, because during deliberations, a juror stated that his uncle had been murdered. However, this information came from a juror and not from an external source. We held that the trial court properly excluded the jurors' sworn statements offered after trial based upon the court's interpretation of § 27-606(2), which "does not allow a juror's affidavit to impeach a verdict on the basis of jury motives, methods, misunderstanding, thought

processes, or discussions during deliberations." *Thomas I*, 262 Neb. at 1000, 637 N.W.2d at 650. We concluded that Thomas had not sustained his burden to prove that juror misconduct occurred or that the jury considered facts not in evidence. We also addressed Thomas' allegation that private communication occurred between the trial court and the jury. We held that the record showed that the communication between the trial court and the jury merely directed the jury to continue its deliberations and that this did not have a tendency to influence the verdict.

We have held that matters previously addressed in an appellate court are not reconsidered unless the petitioner presents materially and substantially different facts. See *Latenser v. Intercessors of the Lamb, Inc.*, 250 Neb. 789, 553 N.W.2d 458 (1996). Under the law-of-the-case doctrine, the holdings of the appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. *Houston v. Metrovision, Inc.*, 267 Neb. 730, 677 N.W.2d 139 (2004). Our ruling in *Thomas I* precludes further consideration of the issues addressed therein.

Thomas asserts that the district court abused its discretion in dismissing his petition to perpetuate testimony of jurors involved in his trial. The issues for which Thomas seeks to perpetuate the testimony have been considered, and Thomas has not presented any materially or substantially different facts to support his petition. An order denying a petition to perpetuate testimony is reviewed to determine whether the trial court abused its discretion. See *Gernstein v. Lake*, 259 Neb. 479, 610 N.W.2d 714 (2000). Thomas has not shown that the district court abused its discretion in denying his motion to perpetuate testimony. Thus, there is no merit to his assignment of error.

## CONCLUSION
The judgment of the district court is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.