by the record. See *Clark v. Alegent Health Neb*., 285 Neb. 60, 825 N.W.2d 195 (2013). This assignment of error has no merit.

## CONCLUSION

For the reasons set forth above, we affirm the decision of the compensation court.

AFFIRMED.

———————————

GRAYLIN GRAY, APPELLANT, V. MICHAEL KENNEY,
DIRECTOR OF NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, APPELLEE.

___ N.W.2d ___

Filed February 3, 2015.    No. A-14-378.

1.  **Affidavits: Appeal and Error.** An appellate court reviews a district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) de novo on the record based on the transcript of the hearing or the written statement of the court.
2.  **Constitutional Law: Judgments.** Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2008) allows the court on its own motion, or upon objection by any interested party, to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious.
3.  **Actions: Words and Phrases.** A frivolous legal position pursuant to Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is one wholly without merit, that is, without rational argument based on the law or on the evidence.
4.  **Habeas Corpus: Judgments: Collateral Attack.** Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction.
5.  **Judgments: Collateral Attack.** Only a void judgment may be collaterally attacked.
6.  **Judgments: Jurisdiction: Collateral Attack.** Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack.
7.  **Habeas Corpus: Jurisdiction: Sentences.** A writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.
8.  **Habeas Corpus.** A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose.

9. **Habeas Corpus: Sentences.** The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding.

10. **Jurisdiction: Judgments: Appeal and Error.** Where jurisdiction has attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void.

11. **Res Judicata.** The doctrine of res judicata, or claim preclusion, bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.

12. ____. The doctrine of res judicata bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.

13. **Appeal and Error.** Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication.

14. **Actions: Res Judicata.** Unlike the doctrine of res judicata, which involves successive suits, the law-of-the-case doctrine involves successive stages of one continuing lawsuit.

15. **Habeas Corpus: Appeal and Error.** The law-of-the-case doctrine applies to issues raised in a petition for a writ of habeas corpus if that same issue was raised in the appellate court on direct appeal.

16. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

Appeal from the District Court for Lancaster County: Steven D. Burns, Judge. Affirmed.

Graylin Gray, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

Irwin, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Graylin Gray appeals from the order of the district court for Lancaster County which denied his application to proceed

in forma pauperis on his petition for writ of habeas corpus. We affirm.

## BACKGROUND

Gray was convicted by a jury of unlawful possession of four or more financial transaction devices and unlawful circulation of financial transaction devices in the first degree. The district court determined that Gray was a habitual criminal and sentenced him to 10 to 20 years' imprisonment on each count. On direct appeal, Gray challenged, among other things, the district court's determination that he was a habitual criminal. In a memorandum opinion filed on March 12, 2009, in case No. A-08-336, we found that the evidence was sufficient to support the district court's habitual criminal finding and affirmed Gray's convictions and sentences in all respects.

On March 14, 2014, Gray filed a petition for writ of habeas corpus, alleging that his sentences are void because the district court applied the wrong burden of proof in determining that he was a habitual criminal. Along with his habeas petition, Gray filed a motion to proceed in forma pauperis and a poverty affidavit. The State timely filed an objection to Gray's motion to proceed in forma pauperis on the basis that his habeas petition was frivolous. A hearing was held on the State's objection, during which the State offered into evidence a copy of our opinion affirming Gray's convictions and sentences on direct appeal.

Following a hearing, the district court sustained the State's objection and denied Gray's motion to proceed in forma pauperis. It found that the petition appeared to be frivolous on its face, in that the issues raised in the petition had been previously litigated and that none of the issues raised in the petition establish that the commitment was void.

Gray timely appeals from that decision.

## ASSIGNMENT OF ERROR

Gray assigns that the district court erred in denying his application to proceed in forma pauperis on his petition for writ of habeas corpus.

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

## ANALYSIS

*Denial of In Forma Pauperis Status*.

[2,3] Applications to proceed in forma pauperis are governed by § 25-2301.02. *Peterson v. Houston, supra*. Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, § 25-2301.02(1) allows the court on its own motion, or upon objection by any interested party, to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious. See *Peterson v. Houston, supra*. A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Peterson v. Houston, supra*. We agree with the district court's conclusion that Gray's habeas petition is frivolous because the judgment Gray seeks to attack is not void and because the issues Gray seeks to challenge have been previously litigated.

[4-7] Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id*. Only a void judgment may be collaterally attacked. *Id*. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id*. Thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Id*.

[8-10] A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose. *Id*. "'[T]he regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for writ of habeas corpus, for that matter is available only in

a direct proceeding.'" *Id.* at 867, 824 N.W.2d at 33. "'Where jurisdiction has attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void.'" *Id.* at 869, 824 N.W.2d at 34.

Gray's habeas petition asserts that his sentences are void because the district court determined that he was a habitual criminal beyond a reasonable doubt, rather than by a preponderance of the evidence. We disagree. The fact that the district court applied a higher burden of proof in determining Gray's habitual criminal status does not make his sentences void. Because the district court had proper jurisdiction and Gray's sentences were within its power to impose, his petition for habeas corpus is frivolous.

The State also argues that any claims regarding Gray's status as a habitual criminal are precluded under the doctrines of res judicata and the law of the case. While we agree that the law-of-the-case doctrine precludes relitigation of the habitual criminal issue, we disagree that res judicata is applicable. Because these are independent doctrines which are sometimes closely related, we address each separately.

*Res Judicata.*

[11,12] The doctrine of res judicata, or claim preclusion, bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Kiplinger v. Nebraska Dept. of Nat. Resources*, 282 Neb. 237, 803 N.W.2d 28 (2011). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id.*

The determination that Gray was a habitual criminal was made by a court of competent jurisdiction and was a final judgment on the merits. However, the same parties or their privies were not involved in both actions. The habitual criminal

finding arose out of a case filed by the State of Nebraska against Gray in case No. A-08-336, and the postconviction cases involved those same parties in cases Nos. A-10-147 and A-13-254. The present action for a writ of habeas corpus, however, was filed by Gray against Michael Kenney, the director of the Nebraska Department of Correctional Services. There is no showing that Kenney is in privity with the State of Nebraska. Privity requires, at a minimum, a showing that the parties in the two actions are really and substantially in interest the same. *R.W. v. Schrein*, 263 Neb. 708, 642 N.W.2d 505 (2002). Because Kenney and the State of Nebraska are not in privity, the fourth element for an application of res judicata fails.

### Law-of-the-Case Doctrine.

[13,14] Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. *State v. Merchant*, 288 Neb. 439, 848 N.W.2d 630 (2014). Unlike the doctrine of res judicata, which involves successive suits, the law-of-the-case doctrine involves successive stages of one continuing lawsuit. See *Money v. Tyrrell Flowers*, 275 Neb. 602, 748 N.W.2d 49 (2008).

While we are not aware of any precedent applying the law-of-the-case doctrine to claims raised in a petition for writ of habeas corpus that were previously rejected on direct appeal, the Nebraska Supreme Court has applied the doctrine when that issue was addressed on direct appeal. See, *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005) (applying doctrine to subsequent postconviction); *Thomas v. State*, 268 Neb. 594, 685 N.W.2d 66 (2004) (applying doctrine to subsequent petition to perpetuate juror's testimony).

Both *State v. Marshall*, *supra*, and *Thomas v. State*, *supra*, involved subsequent actions derived from the original convictions. In *State v. Marshall*, the defendant filed a motion for postconviction relief after his convictions were affirmed by the Supreme Court on direct appeal. The district court denied the

motion without an evidentiary hearing. *Id*. At issue in the direct appeal was whether a plea in bar was properly overruled. The Supreme Court held that because the defendant did not timely appeal from the order denying his plea in bar, it lacked jurisdiction to address the alleged error. When the defendant raised the issue in his postconviction motion, the Supreme Court held that its decision in the direct appeal that the order on the plea in bar was final constituted the law of the case which applied in the postconviction proceeding. *Id*.

In *Thomas v. State, supra*, the defendant in the trial court had been convicted and his convictions were affirmed on direct appeal. He subsequently filed a petition seeking to perpetuate the testimony of three jurors who participated in his trial, citing what is now codified as Neb. Ct. R. Disc. § 6-327(a). He alleged that one of the jurors failed to disclose during voir dire that he had a relative who had been the victim of a murder. The district court sustained the State's motion to dismiss. On appeal, the Nebraska Supreme Court stated that it had previously rejected this juror issue on direct appeal. The Supreme Court concluded that its opinion in the direct appeal became the law of the case and precluded further consideration of the issue in the appeal of the subsequent action.

The law-of-the-case doctrine generally applies to successive stages of the same lawsuit. *In re Estate of Stull*, 261 Neb. 319, 622 N.W.2d 886 (2001). However, as evidenced by *State v. Marshall, supra*, and *Thomas v. State, supra*, the doctrine may also be applied to an issue raised in a subsequent action when that action is derived from a direct appeal. For example, postconviction relief is sought by a convicted, imprisoned person "on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable." Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2014). Therefore, a postconviction action, although separate from the criminal action in which the defendant was convicted, necessarily requires an analysis of the underlying conviction.

[15] In the present action, Gray filed a petition for a writ of habeas corpus. An action for habeas corpus is a collateral attack on a judgment of conviction. *Peterson v. Houston*,

284 Neb. 861, 824 N.W.2d 26 (2012). See Neb. Rev. Stat. § 29-2801 (Reissue 2008). Similar to a motion for postconviction relief, a petition for a writ of habeas corpus is dependent upon the underlying conviction. We therefore hold that the law-of-the-case doctrine applies to issues raised in a petition for a writ of habeas corpus if that same issue was raised in the appellate court on direct appeal.

We conclude that the law-of-the-case doctrine is applicable here. On direct appeal, Gray challenged the district court's determination that he was a habitual criminal, and in case No. A-08-336, we affirmed the district court's finding after analyzing the sufficiency of the evidence to prove two of Gray's prior convictions. Because Gray's status as a habitual criminal has already been challenged and affirmed by this court, his attempt to raise the issue again in his petition for writ of habeas corpus is frivolous.

*Challenge to Bill of Exceptions.*

[16] Finally, Gray argues in his brief that certain statements he made during the hearing on the State's objection to his motion to proceed in forma pauperis were incorrectly transcribed. However, Gray did not assign this issue as error. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Turner*, 288 Neb. 249, 847 N.W.2d 69 (2014). Because Gray did not assign this issue as error, we will not address it on appeal.

## CONCLUSION

The district court did not err in denying Gray's application to proceed in forma pauperis on his petition for writ of habeas corpus. Upon the spreading of our mandate affirming the district court's denial of in forma pauperis status, Gray shall have 30 days to pay the fees necessary to file his petition. See § 25-2301.02(1).

Affirmed.